# STATE OF MARYLAND *v.* GLENN WILLIAM GREEN

[No. 593, September Term, 1982.]

*Decided April 11, 1983.*

The cause was argued before MASON, GARRITY and ALPERT, JJ.

*Carmina Szunyog, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Maureen O'Ferrall Gardner, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *H. Gary Bass, Assistant State's Attorney for Baltimore City,* on the brief, for appellant.

*Gary Christopher, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellee.

ALPERT, J., delivered the opinion of the Court.

On January 18, 1982, the designated administrative judge for the Criminal Court of Baltimore found good cause to postpone, pursuant to Maryland Rule 746, the murder trial of the appellee beyond the 180 day period in which, absent good cause, a case must be brought to trial. On May 24, 1982, the trial judge effectively overruled the "good cause" determination of the designated administrative judge and granted the appellee's motion to dismiss. Because we hold that the trial judge applied an incorrect standard of review to the findings of the administrative judge, we shall reverse and order that appellee be tried.

By an indictment filed July 13, 1981 in the Criminal Court of Baltimore, Glenn William Green,[1] the appellee, was charged with the murder of Raymond Duncan. The Public Defender's Office entered its appearance on behalf of the appellee on August 3, 1981 and a trial date was scheduled for October 26, 1981. On October 26, 1981 the acting administrative judge granted a postponement due to an overload of cases on the "move list." A trial was scheduled for January 18, 1982, well within the 180 days required under Maryland Rule 746.[2]

---

1. The appellee has recently changed his name to Glenn William Green-El.

2. In light of the fact that trial was rescheduled within the 180 days required under Maryland Rule 746, we need not discuss the propriety of this postponement.

On January 10, 1982, just over a week before the scheduled trial, a law clerk from the Public Defender's Office contacted the Assistant State's Attorney assigned to the case. She informed him that the appellee would consider accepting a guilty plea in the instant case upon the following two conditions: (1) he did not want to testify against anyone: and (2) he did not want to have to admit to the murder. The Assistant State's Attorney acquiesced and indicated that he would proceed on the guilty plea. He then contacted the witnesses summoned for the January 18, 1982 trial and informed them that there was no necessity for their appearance at trial.

On January 18, 1982, in open court, appellee stated that he did not want to plead guilty; that he wanted a jury trial and "wanted it today." The designated administrative judge found good cause to postpone the case.[3] It was rescheduled for May 20, 1982. It is that finding which gave rise to the instant appeal, for on May 24, 1982, when the case came up for trial[4] the trial judge granted the appellee's motion to dismiss pursuant to Maryland Rule 746, rejecting the designated administrative judge's finding of good cause for the January 18, 1982 postponement. On June 2, 1982 the State filed a timely appeal to this Court and urges us to hold that the trial court erred in granting appellee's motion to dismiss.

---

**3.** The designated administrative judge found "good cause" for postponement for two reasons, according to the prosecutor:

> I made Judge Watts aware of that, and the Judge said two things. He said, first of all, there's forty-four cases on the move list waiting to be tried, and he wasn't going to put any more cases on. The number two thing was that the fact that the Defendant had indicated up until that day that he wanted to plead guilty and then that day changed his mind, he also thought it was an extraordinary reason, but he postponed the case on his own, administratively.

**4.** Although trial was scheduled for May 20, 1982, on May 21, 1982, the case was called for trial and continued until May 24, 1982, when a courtroom became available.

Maryland Rule 746 provides:

a. *General Provision.*

Within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723, a trial date shall be set which shall be not later than 180 days after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to Rule 723.

b. *Change of Trial Date.*

Upon motion of a party made in writing or in open court and for good cause shown, the county administrative judge or a judge designated by him may grant a change of trial date.

In granting defendant's motion to dismiss, the trial judge in effect undertook a *de novo* review of the designated administrative judge's finding of good cause to postpone the January 18, 1982 trial date. He heard testimony from the appellee, Vicki Owen (the law clerk from the Public Defender's Office), Gary Bass (Assistant State's Attorney), and Allan Gertner (defense counsel for the co-defendant in this case) and then heard argument from counsel. In granting appellee's motion to dismiss, the trial judge stated:

Now, what happened on the 18th of January, 1982 is very, very confusing. There is the letter that's been put in evidence indicating he said "I may accept a plea." Maybe he was very shrewd, very foxy, put it over on his attorney and the State by using those expressions, I don't know, but prosecutors are supposed to be knowledgeable in these areas as well. In any event, unless he committed himself definitely, he certainly would have a right to change his mind, particularly if he discovered, as he claims he did, that the co-defendant was not going to testify against him. I don't know, but that is the evidence before me and I would so find.

Taking all these factors into consideration, I have heard from Mr. Bass and these other people who testified. It is a very serious case. The mandate of Hicks is clear. There isn't anything in the postponement request, nothing has come before me to indicate why Hicks should not be applied in this case. It may be that somebody didn't know what they were exposed to. Whether it was the Judges, whether it was the State's Attorney, whether it was just one of those things, whatever it might be, it is clear to me that somewhere along the line everybody just wasn't on top of this thing the way they should have been, for whatever reason. I must apply Hicks, and I grant the motion.

Rule 746 implements Md. Ann. Code art. 27 §591 (1982 Repl. Vol.). Under the rule, the appropriate sanction for failure to bring a case to trial within the 180 days is dismissal of the charges. *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979). The right to stand trial within the prescribed period protected under this rule is separate from the defendant's constitutional speedy trial rights. *State v. Lattisaw,* 48 Md. App. 20, 27, 425 A.2d 1051 (1981), *cert. denied* 290 Md. 717 (1981). As such, the balancing process applicable to constitutional speedy trial analysis does not come into play when applying Rule 746a. *See, State v. Farinholt,* 54 Md. App. 124, 458 A.2d 442 (1983).

One of the purposes of the rule is to give the county administrative judge control over the administration of dockets. *Hicks, supra.* Under Maryland Rule 746b, his function is twofold: first, to determine if there is "good cause shown" justifying a change of trial date; and second, to see "that a continuance, even when justified in purpose, is not extended unnecessarily". *See, Chance v. State,* 45 Md. App. 521, 526, 414 A.2d 535 (1980). As to his first responsibility under Maryland Rule 746, what is "good cause shown" must be decided on a case by case basis. *See, Carter v. State,* Md. App. 54, 220 A.2d 458, 480 (1983). With regard to his second responsibility, proper exercise can only be measured

by the *Barker v. Wingo,* 407 U.S. 514 (1972) speedy trial balancing test where the postponement goes beyond the 180 day period designated in Maryland Rule 746a. *See, Farinholt v. State, supra.*

In the instant appeal the trial judge by necessity conducted a *de novo* hearing to determine the circumstances giving rise to the January 18, 1982 postponement. A *de novo* hearing was appropriate since there was no stenographic record of the proceedings before the designated administrative judge.[5] A *de novo* determination of "good cause" was improper. Unless there was a clear abuse of discretion, the findings of the designated administrative judge on the question of "good cause" for postponement should not be overturned by the trial judge.

The designated administrative judge had the opportunity to hear arguments before finding that good cause for postponement existed. He was in the best position to determine whether, on that particular date, good cause for postponement in fact existed. The trial judge should not overturn the administrative judge's finding of "good cause" if there is a rational basis upon which the administrative judge could have found the existence of good cause for postponement.

Ordinarily, the authority of a trial judge to reverse the decision of a fellow trial judge is beyond question and will not be disturbed by an appellate court absent an abuse of discretion by the reversing trial judge. *See, Driver v. Parke-Davis & Co.,* 29 Md. App. 354, 363, 348 A.2d 38 (1975). The granting or denial of a continuance in a criminal case is no longer within the sound discretion of the trial court, a statute having been enacted[6] to vest the exclusive power to postpone a trial date in the administrative judge or his designee. *Guarnera v. State,* 20 Md. App. 562, 573, 318 A.2d 243; *cert. denied,* 272 Md. 742 (1974). Therefore, the

---

5. The better practice would be to stenographically record the postponement proceedings before the administrative judge.

6. *See,* 1971 Md. Laws ch. 212.

*Driver* principle is clearly inapplicable where the conflict is between the administrative judge and the trial judge and where the issue is the postponement of a criminal case. Consequently, because the statutory authority vests the determination of whether to postpone a trial with the county administrative judge, the trial judge is limited in his power to overrule the administrative judge.

The resolution of what constitutes good cause is a discretionary decision within the power of the administrative judge and carries a presumption of validity. *Hughes v. State,* 43 Md. App. 698, 707, 407 A.2d 330 (1979), *rev'd on other grounds,* 288 Md. 216, 421 A.2d 69 (1980). *See, Mathias v. State,* 284 Md. 22, 28, 394 A.2d 292 (1978), *cert. denied* 441 U.S. 906.

If a trial judge has boundless discretion to overrule an administrative judge's finding of "good cause" it must logically follow that he could likewise overrule a finding of lack of good cause, *i.e.,* he could overrule the denial of a postponement and thereby grant a postponement. Thus, the very purpose of the rule and statute would be disastrously undermined.

The review to be undertaken by the trial judge should be similar to that undertaken by an appellate court, *i.e.,* was there an abuse of discretion by the administrative judge?

In *Madore v. Baltimore County,* 34 Md. App. 340, 344, 367 A.2d 54 (1976) this court, in discussing the discretion given to the trial court in finding good cause under Article 57, Section 18 commented, "There could be no clearer example of lodging discretion in the court. The very purpose of that discretion is to permit the court to accomplish substantial justice under varying circumstances, giving due regard to the reason for the requirement, and the rights of the parties." *See also, Gladding v. Langrall, Muir & Noppinger,* 282 Md. 397, 401, 384 A.2d 737 (1979) where Judge Cole, speaking for the Court of Appeals, observed:

> Discretion is the warp and woof of judicial fiber. It is the antithesis of arbitrariness and by its nature

connotes the absence of capricious disposition. This is the reason we have held that the exercise of a court's discretion is presumed to be correct until the attacking party has overcome such presumption by clear and convincing proof of an abuse.

The designated administrative judge did not clearly abuse his discretion in finding good cause for the January 18, 1982 postponement. The trial judge, therefore, committed legal error in overruling the finding of good cause. On January 18, 1982, the day that the designated administrative judge granted the postponement, there was evidence which could have supported a finding of good cause. The Public Defender's Office had apparently communicated with the Assistant State's Attorney concerning a possible plea bargain. Reasonably believing a guilty plea had been arranged, the State informed its witnesses that their attendance at trial would not be required. When the appellee apparently changed his mind at trial, the State was not prepared to proceed without its witnesses. As Gary Bass, the Assistant State's Attorney, testified before the trial judge on the motion to dismiss:

Now, Your Honor, prior to January 18th of 1982, I received communication from Miss Vicki Owen about a week prior to trial date. I believe this would have been about January 10th, I think. The trial date was January 18th. *Miss Owen called me and said she had received communication from Mr. Green, and Mr. Green now wanted to plead guilty if the plea negotiations were still open, with the further stipulation that he did not want to have to be forced to testify against anyone and didn't want to have to admit he was guilty of the murder, so I indicated to Miss Owen that was acceptable to the State and we would proceed on a guilty plea on January 18th, and I called off the witnesses, Your* Honor. There are thirteen witnesses in the case.

> On January 18th the case came before the Court, and as soon as the Defendant was brought into the courtroom he indicated to me or to his counsel, I don't want to plead guilty, I want a trial, I want a jury trial, and I want it now, I want it today, and at that point, Your Honor, we went before Judge Watts, who was the Administrative Judge, and Judge Watts postponed the case administratively for Friday, I think it was — whatever day Friday was — May 21st. To my recollection, Your Honor, that's what occurred in the proceedings against Mr. Green. (emphasis supplied).

If indeed the appellant, by seeking a guilty plea below, "was very shrewd, very foxy, [and] put it over on his attorney and the State" as speculated by the trial judge, "[i]t would, in our judgment, be entirely inappropriate for the defendant to gain advantage from a violation of the rule when [by his "very shrewd, very foxy" conduct] he was a party to that violation." *See, Hicks, supra,* 285 Md. at 335, 403 A.2d at 369.

Under the circumstances presented, we cannot say that the designated administrative judge clearly abused his discretion in finding good cause for a further postponement beyond the 180 days.

While it is arguable that pursuant to the statute and rule the administrative judge has the *sole* authority to find good cause for postponement and may not be overruled under any circumstances by a trial judge, we decline to so hold as it could lead to absurd results. Since the question of whether a crowded docket may constitute "good cause" under the statute and rule does not plainly appear by the record to have been tried and decided by the lower court, we shall not

consider it. Maryland Rule 1085. The resolution of that issue is unnecessary in this appeal and is best left for another day.

> *Judgment reversed; case remanded for trial; costs to be paid by appellee.*