472 A.2d 477

**Tyrone Terry MAHAMMITT**

v.

**STATE of Maryland.**

**No. 19, Sept. Term, 1984.**

Court of Appeals of Maryland.

March 15, 1984.

Tyrone Terry Mahammitt, in pro. per.

Stephen H. Sachs, Atty. Gen., Baltimore, for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

The petitioner, Tyrone Terry Mahammitt, was charged with armed robbery and related offenses by information filed in the Criminal Court of Baltimore (now the Circuit Court for Baltimore City). He was arraigned on October 1, 1981, and his attorney's appearance was filed on that date. Under Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, the 180-day period for trying the case expired on March 30, 1982.

The first assigned trial date was apparently December 23, 1981, although the record is not as clear as might be desired concerning this matter. Furthermore, the record does not show whether the case was called for trial on December 23rd. The record does contain a brief transcript of a hearing before the administrative judge on December 23, 1981,

at which time the prosecuting attorney moved for a post-ponement. The prosecuting attorney at that time nol prossed certain charges against the defendant and asked for a postponement of the trial on the remaining charges because

> "the principal police officer is going to be on vacation *starting tomorrow* until after New Year's. It can either go on the move list with the request that it not be called until after January 1, or it can be postponed." (Emphasis added.)

Assuming that December 23rd was the assigned trial date, nothing was said by the prosecuting attorney explaining why the case could not have been tried on December 23rd, prior to the police officer's vacation. After the prosecuting attorney's remarks, the defendant's attorney simply stated that he objected to a postponement. The administrative judge then indicated that he would grant the motion. The record does not, however, contain the standard order utilized in Baltimore City for postponements ordered by the administrative judge or his designee. Such order is normally signed by the administrative judge and contains the reasons for postponing the trial.

Nothing in the docket entries or record relates to the assignment of a new trial date. Nevertheless the case was called for trial on April 6, 1982, which was seven days beyond the 180-day deadline prescribed by § 591 and Rule 746.

As soon as the case was called for trial, the defendant's attorney orally moved to dismiss, relying both on the constitutional right to speedy trial and on § 591 and Rule 746. The State opposed the motion on the ground that the defendant had been convicted and sentenced in November 1981 on an unrelated robbery charge and that "[h]e is now serving time in the Department of Correction on another robbery charge. So the amount of delay in this case is completely irrelevant since he was in jail any way and convicted on another charge." The trial court then denied the motion to dismiss without stating any reasons.

Following jury selection, the defendant's attorney request-ed that the court reconsider its denial of the motion to dismiss. During the argument on the reconsideration motion, various contradictory statements were made concerning what had previously taken place in the case. For example, the prosecuting attorney asserted at one point that on December 23, 1981, "there was a postponement granted along with a *Hicks* waiver." The defendant's attorney, however, stated that the defendant had not waived the requirements of § 591 and Rule 746. Also both attorneys indicated that the defendant was not present on December 23, 1981, and one might infer from their remarks that the Division of Correction's failure to produce the defendant may have been the reason for the postponement of the trial date. The defendant, however, interrupted and insisted that the Division of Correction had delivered him to the court house on December 23rd and that he had been present. Following the arguments,[1] the trial court again denied the motion to dismiss without specifying any reasons. The defendant was convicted of armed robbery, assault with intent to murder, and a handgun violation.

The Court of Special Appeals affirmed in an unreported opinion. With regard to the defendant's contention that the charges should have been dismissed because of a violation of § 591 and Rule 746, the Court of Special Appeals stated:

> "Although [the trial judge] reached the merits of the question, this may well have been a situation where he ultimately did the right thing for the wrong reason. It is clear under *Pennington v. State,* 53 Md.App. 538 [454 A.2d 879] . . . that a motion to dismiss must be filed in writing and must, absent exigent circumstances, be raised pretrial. This was not done and the motion should not even have been entertained."

The Court of Special Appeals did, however, comment upon the merits, stating "that once a postponement has properly

---

1. No documentary evidence was submitted and no sworn testimony was taken in connection with the motion to dismiss.

been granted in the first instance . . ., we measure [the] length of delay by traditional speedy trial analysis and not by the 180-day rule of *Hicks.*"

The defendant has filed, pro se, a petition for a writ of certiorari in which he appears to make three contentions: 1. there was a violation of § 591 and Rule 746, and therefore his motion to dismiss should have been granted; 2. his representation by counsel was inadequate; 3. there was insufficient evidence to convict him. We have granted the petition, limited to the first contention.

It is clear from our recent opinion in *State v. Frazier,* 298 Md. 422, 470 A.2d 1269 (1984), that the reasons advanced by the Court of Special Appeals do not, under the circumstances, furnish any ground for rejecting the defendant's argument based on an alleged violation of § 591 and Rule 746. *See Carey v. State,* 299 Md. 17, 472 A.2d 444 (1984), and *Pennington v. State,* 299 Md. 23, 472 A.2d 447 (1984), filed today.

The record in this case clearly shows that the defendant was tried beyond the 180-day deadline prescribed by § 591 and Rule 746. The record, however, establishes little else bearing upon the § 591 and Rule 746 question. Under the circumstances, and in the interests of justice, we believe that it is appropriate to invoke Rule 871 and order that the case be remanded to the trial court for further proceedings. After receiving whatever pertinent evidence is offered by the parties regarding the issue, the trial court should determine whether there was a violation of § 591 and Rule 746 which requires the sanction of dismissal. If the court concludes that there was such violation, the charges must be dismissed. If the court concludes to the contrary, the prior judgments of conviction should remain intact.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE, WITHOUT AFFIRMANCE OR REVERSAL, TO THE CIRCUIT

COURT FOR BALTIMORE CITY FOR FURTHER PRO-
CEEDINGS IN ACCORDANCE WITH THIS OPINION.
EACH PARTY TO PAY ITS OWN COSTS.

RODOWSKY, Judge, dissenting:

I respectfully dissent for reasons given in my dissenting
opinion in *Pennington v. State,* 299 Md. 23, 472 A.2d 447
(1984).