472 A.2d 459

Michael Cortez GRANT

v.

STATE of Maryland.

No. 9, Sept. Term, 1984.

Court of Appeals of Maryland.

March 15, 1984.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

The petitioner Michael C. Grant and a codefendant, Donald Garrett, were charged with the unlawful possession of narcotics and violation of the handgun statute. The charges grew out of an incident on October 17, 1981, when a police

officer encountered Grant and Garrett together in an automobile and believed that they were using narcotics.

The defendants were arraigned in the Criminal Court of Baltimore (now the Circuit Court for Baltimore City) on December 24, 1981; the appearance of their counsel was entered on that date, and a jury trial was prayed. Under Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, which require that a circuit court criminal case be tried within 180 days from arraignment or the first appearance of counsel unless the time is extended as provided in the statute and Rule, the deadline for trial was June 22, 1982.

The first scheduled trial date was March 16, 1982. The case, however, apparently could not be reached on that date because of the unavailability of a court, and the case was placed on the "move list" to be tried by the first available court.[1] A court was available to try the case on March 24, 1982, and it was called for trial on that date. Just before the trial was to commence on March 24th, counsel for the defendants informed the trial judge that he had determined that there was a conflict in interest between the defendants, that he could not ethically represent both of them, that he would represent the petitioner Grant, and that the public defender's office would be required to secure new counsel for the codefendant Garrett. The trial judge referred the matter to Administrative Judge Karwacki, and a hearing was held before Judge Karwacki on March 24th. At that hearing, defense counsel reiterated what he had told the trial judge, and he took the position that the defendant Grant's trial should be held that day. The suddenly unrepresented codefendant desired a postponement. The State was either prepared to try both defendants on March 24th or was willing that the cases be postponed; it was, however, opposed to a severance. The administrative judge determined that good cause existed for a postponement and

---

1. For an explanation of the "move list" procedure in Baltimore City, see *State v. Frazier*, 298 Md. 422, 431–434, 470 A.2d 1269 (1984).

signed an order postponing the March 24th trial date. The Assignment Office then assigned a new trial date of June 3, 1982; this date was inserted on the postponement order which had been signed by Judge Karwacki.[2] June 3rd was within the 180-day period set forth in § 591 and Rule 746.

Thereafter the June 3rd trial date was "postponed" and a new trial date of June 30, 1982, was assigned for the defendant Grant alone. June 30th was eight days beyond the 180-day deadline prescribed by § 591 and Rule 746. When the case was called for trial on June 30th, the defendant Grant, by his attorney, moved to dismiss because of an asserted violation of § 591 and Rule 746. The trial judge held a hearing on the motion on July 1, 1982, at which evidence and extensive argument were presented.

At the beginning of the hearing no one seemed to understand what had happened concerning the June 3rd trial date, and the defendant's attorney focused upon an alleged lack of good cause for the postponement on March 24th. Later, the State presented as a witness the Assistant State's Attorney to whom the case had previously been assigned, and she testified with regard to the "postponement" of the June 3rd trial date and the "severance" which had apparently been effected by that postponement. According to the witness, someone from the State's Attorney's Office pointed out to the Assignment Office that the case was scheduled for June 3rd in Part 7 of the Criminal Court which "is a felony court," that the charges against Grant "were just misdemeanors," and that the case should have been scheduled for Part 12 of the Criminal Court, in which misdemeanors were tried. The case was thereupon "removed by Criminal Assignment" and re-scheduled for Part 12 on June 30th. Nei-

---

**2.** The final section of the postponement order in this case read as follows:

"New Trial Date __6/3/82__ Part __7__

Judge's Approval: Approved __X__ Not Approved ____

                                            __/s/__
                                    (Judge's Signature)     "

ther this witness's testimony nor any other evidence adduced at the hearing expressly revealed whether or not the administrative judge or his designee had approved the postponement of the June 3rd trial date. A reasonable inference from the witness's testimony, however, is that the "postponement" was effected solely by the State's Attorney's Office and Assignment Office. Moreover nothing in the record or docket entries suggests that there were any proceedings before or action by the administrative judge concerning the June 3rd postponement.

Following the July 1st hearing and the submission of written memoranda, the trial court granted the motion to dismiss on the ground that there was insufficient cause for the postponement ordered on March 24th. The trial judge, in his opinion delivered from the bench, did not deal with the postponement of the June 3rd trial date.

Upon the State's appeal, the Court of Special Appeals reversed in an unreported opinion and remanded the case for trial. The appellate court held that the trial judge had erred in overturning the administrative judge's determination of good cause for the postponement on March 24th. The defendant had advanced in the Court of Special Appeals an alternate ground for sustaining the trial court's decision, based on the failure of the administrative judge to approve the postponement of the June 3rd trial date; however, the Court of Special Appeals declined to decide this issue, pointing out that under Rule 1085 it would not consider a matter not tried and decided by the trial court. Nevertheless, the Court of Special Appeals did intimate that the Assignment Office may have been entitled, on its own, to postpone the trial from June 3rd to June 30th "pursuant to the same good cause postponement order of March 24, 1982."

In our recently filed opinion in *State v. Frazier*, 298 Md. 422, 428, 470 A.2d 1269 (1984), and in *Farinholt v. State*, 299 Md. 32, 472 A.2d 452 (1984), filed today, we made it clear that, under § 591 and Rule 746, the critical postponement of a trial date for purposes of the dismissal sanction is

the postponement having the effect of extending the trial date beyond 180 days. While § 591 and Rule 746 are fully applicable to a postponement of a circuit court criminal trial from one date within the 180-day period to another date within the 180-day period, if such a postponement is not effected in accordance with the statute and rule, the appropriate sanction is not dismissal of the charges. The dismissal sanction is only implicated when a trial date within the 180-day period is postponed to a date beyond the 180-day period.

■ In light of our opinions in *Frazier* and *Farinholt,* the parties, the trial court and the Court of Special Appeals should not have primarily focused upon the order postponing the defendant Grant's trial from March 24, 1982, to June 3, 1982. Instead, the critical postponement for purposes of ruling upon the motion to dismiss was the postponement of the trial date from June 3rd to June 30th. It is this postponement which frustrated the statutory purpose of trying the case within 180 days. *Farinholt,* 299 Md. at 41, 472 A.2d at 456.

■ The issue in this case, therefore, is whether the postponement of the trial date from June 3rd to June 30th complied with § 591 and Rule 746. The record in this case fails to show that this postponement was approved by the administrative judge or his designee, and the testimony infers that it was not. At the very least, a prima facie case of non-compliance was shown.[3]

---

**3.** The defendant Grant, who was the appellee in the Court of Special Appeals, was entitled to raise this matter in the Court of Special Appeals despite the fact that it was not decided by the trial court. An appellee, in seeking an affirmance, is ordinarily entitled to assert any ground shown by the record for upholding the trial court's decision, even though the ground was not relied on by the trial court and was perhaps not raised in the trial court by the parties. *Temoney v. State,* 290 Md. 251, 261, 429 A.2d 1018 (1981). This principle is an exception to Rules 885 and 1085. *Robeson v. State,* 285 Md. 498, 501–502, 403 A.2d 1221 (1979), *cert. denied,* 444 U.S. 1021, 100 S.Ct. 680, 62 L.Ed.2d 654 (1980).

■ We do not agree with the suggestion in the Court of Special Appeals' opinion that the administrative judge's order of March 24, 1982, might have authorized the personnel in the Assignment Office to postpone the trial date from June 3, 1982, to June 30, 1982. The June 3rd trial date was an assigned trial date pursuant to the March 24th order. Under the plain language of the statute and rule, only "the county administrative judge or a judge designated by him may grant a change of trial date" (Rule 746 b). *See Calhoun v. State,* 299 Md. 1, 472 A.2d 436 (1984), filed today.

■ In our view, the appropriate procedure under the circumstances is to remand this case to the trial court pursuant to Rule 871 for a further evidentiary hearing and findings concerning the postponement of the trial date from June 3rd to June 30th. If, after a hearing, the trial court finds that the postponement of the June 3rd trial date was in violation of § 591 and Rule 746, the case should be dismissed. If, however, the trial court finds that this postponement complied with § 591 and Rule 746, the case should be scheduled for a prompt trial.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE, WITHOUT AFFIRMANCE OR REVERSAL, TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION. COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

DAVIDSON, Judge, dissenting:

For the reasons set forth in my dissenting opinion in *State v. Frazier,* 298 Md. 422, 464, 470 A.2d 1269, (1984), I would direct that the trial court's judgment be reversed and that the case be dismissed.

RODOWSKY, Judge, dissenting:

I respectfully dissent for reasons given in my dissenting opinion in *Pennington v. State,* 299 Md. 23, 472 A.2d 447 (1984).