565 A.2d 331

Anthony Levin CAPERS

v.

STATE of Maryland.

No. 40, Sept. Term, 1989.

Court of Appeals of Maryland.

Nov. 3, 1989.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ADKINS, Judge.

Maryland Code (1957, 1987 Repl. Vol.), Article 27, § 591 and Maryland Rule 4–271 both require that a criminal case in a circuit court of this State be tried not later than 180 days after the earlier of the first appearance of the defendant in court or the appearance of counsel. Both statute

and rule authorize a county administrative judge or that judge's designee to postpone a trial date beyond the 180–day period if good cause is shown. For over 10 years it has been clear "that dismissal is ordinarily the appropriate sanction for violation of" the 180–day requirement. *State v. Hicks*, 285 Md. 310, 403 A.2d 356, *on motion for reconsideration*, 285 Md. 334, 335, 403 A.2d 368, 369 (1979). In this case, we are compelled to direct the dismissal of criminal charges because the postponement that carried the trial date beyond the 180–day limit was not authorized by the administrative judge or the administrative judge's designee. *See Calhoun v. State*, 299 Md. 1, 472 A.2d 436 (1984).

## I.

On 12 May 1987, in the Circuit Court for Talbot County, petitioner, Anthony Levin Capers (Capers), was charged with maintaining a common nuisance, possession of cocaine, and other drug-related offenses. Eventually Capers was tried, convicted of several of those charges, and sentenced. Our concern, however, is with a series of events that occurred between the filing of the charges and before the commencement of the trial. We recount those events.

On 26 or 27 May 1987, defense counsel entered an appearance for Capers, thereby starting the 180–day clock. The 180–day period, therefore, would have expired by 24 November.

A trial date was set for 24 September 1987.[1] That trial date was postponed, apparently because Capers did not appear. Another trial date was set for 10 November 1987. That, too, was postponed. A third date was set for 20 November 1987. Again, on the eve of trial (according to Capers), there was a postponement. It was this postpone-

---

1. The trial court docket in this case contains no notations showing the setting or postponement of trial dates. Most of the information in that regard we have gleaned from a motion to dismiss filed by Capers and from a response to it filed by the State. In its response, the State did not question the chronology asserted by Capers, nor does the State now do so.

ment that carried the trial beyond the 180–day limit—Capers was not tried until 29 February 1988—and so it was the critical one for purposes of Rule 4–271. *Rosenbach v. State*, 314 Md. 473, 477, 551 A.2d 460, 462 (1989); *Grant v. State*, 299 Md. 47, 53, 472 A.2d 459, 462 (1984). We turn to the circumstances that attended the critical postponement.

According to the assistant State's Attorney, she received only three days' advance notice of the 20 November 1987 trial date. When she attempted to contact the investigating officer, obviously an important State's witness, she learned that the officer would be on leave on 20 November, because he had undertaken to guide hunting parties on that date. The assistant State's Attorney sought a postponement, which was granted by the circuit court's assignment officer, over the objections of defense counsel.[2]

On 7 December 1987 there was a hearing on Capers's motion to dismiss. The county administrative judge (the only circuit court judge resident in Talbot County) presided. The facts upon which the motion was based were

---

**2.** Before us, the State claims that the record does not expressly show that the assignment officer granted the postponement, nor does it show that the postponement was not contemporaneously approved by the county administrative judge or that judge's designee. We think the record adequately establishes those facts. At a post-postponement hearing before the circuit court resident judge, who also was the county administrative judge, Capers pressed his motion to dismiss. Defense counsel explained the facts essentially as we have set them forth; *see also* n. 1, *supra*. The assistant State's Attorney did not assert that the assignment officer had not granted the postponement, nor did she claim that the administrative judge had ratified it. In any case, "[a] purported ratification by the administrative judge, long after the trial has already been improperly postponed ... is not compliance with § 591 and" the rule. *Calhoun v. State*, 299 Md. 1, 9, 472 A.2d 436, 440 (1984). In no important respect did she question the accuracy of the defense's factual account. Nor did the administrative judge question any factual assertion made by the defense at the hearing. This case is unlike *Mahammitt v. State*, 299 Md. 82, 472 A.2d 477 (1984), in which a Rule 8–604(d) remand was appropriate because little was known except that the defendant was tried beyond the 180–day deadline. *See also Grant v. State*, 299 Md. 47, 472 A.2d 459 (1984). Under the circumstances of the present case, we accept the facts as stated at the hearing.

set forth, substantially as we have stated them.  There was no dispute as to the operative facts.  *See* n. 2, *supra.* Defense counsel argued that the investigating officer's water-fowling expedition did not constitute good cause for postponement.  The State disputed this.  Defense counsel also forcefully pointed out that

> the Judge must approve [a postponement beyond the 180–day limit], and there's nothing in the record ... to show that this was approved.  And that's the requirement.

The State expressed no disagreement, but argued further the question of good cause.[3]

At the conclusion of the argument, the judge expressed the need for "further research."  He reserved his ruling, but promised to "advise you shortly of my determination." The hearing ended.

On 29 February 1988 Capers's case was called for a jury trial.  No further mention of § 591 or Rule 4–271 dismissal was made.  The court proceeded immediately to jury selection.  As we have said, Capers was convicted and sentenced. Upon appeal, the Court of Special Appeals, in an unreported opinion, affirmed.  It did not review Capers's § 591 contention;  the intermediate appellate court thought that failure to renew the motion just prior to trial meant that the issue was not preserved.

## II.

Before us, the State continues to insist that Capers has failed to preserve the prompt trial issue.  We disagree.

---

**3.**  The State also argued that the delay caused by the postponement had not reached constitutional dimensions, that on balance the delay should not be charged heavily to the State, and that no prejudice to Capers had been shown.  Those arguments are relevant in response to an argument that a defendant's sixth amendment right to a speedy trial has been denied, but not in response to an argument that § 591 and Rule 4–271 have been violated.  *Satchell v. State,* 299 Md. 42, 45, 472 A.2d 457, 458 (1984).  *See also Goins v. State,* 293 Md. 97, 109–100, 442 A.2d 550, 556–557 (1982).

*White v. State,* 23 Md.App. 151, 326 A.2d 219 (1974), *cert. denied,* 273 Md. 723 (1975), upon which the Court of Special Appeals relied, is completely distinguishable.

In *White,* the defendant filed a lengthy motion advancing many reasons why the indictments against him should be dismissed. He included in subparagraph c of paragraph 10 an assertion that his " 'constitutional and fundamental rights' had been violated" because he had " 'been denied a speedy trial.' " 23 Md.App. at 154, 326 A.2d at 221. At a motions hearing, the judge asked whether a motion for speedy trial had been filed. Defense counsel could not recall. The judge suggested that any motion of that sort should be filed separately and should be decided by the trial judge; the motions judge declined to decide it. *Id.* at 154–155, 326 A.2d at 221–222. When the case was called for trial, the different judge then presiding more than once asked the defense whether there were any matters that should be disposed of before trial. Some matters were raised, but not the speedy trial issue. *Id.* at 155, 326 A.2d at 222. On these facts, it is not surprising that the Court of Special Appeals held that the right to a ruling on the speedy trial motion had been waived. "Appellant may not take advantage of an obscurely situate, undecided motion and stand mute in the face of repeated requests by the judge for all pending motions to be decided." 23 Md.App. at 156, 326 A.2d at 222.

What happened in *White* is not even close to what happened here. During the autumn of 1987, Capers was diligent in asserting his entitlement to a prompt trial. On 12 November, immediately after the second postponement (and while the scheduled trial date was still within the 180–day period), he filed a separate prominently captioned "DEMAND FOR SPEEDY TRIAL AND STRICT ADHERENCE TO RULE 4–271." His motion to dismiss for violation of that rule was filed on 1 December, and it set forth in detail the factual and legal reasons for dismissal. The motion was argued at length on 7 December. At the close

of the hearing, the judge—the same judge who later presided at trial—promised that he would rule promptly.

It may be, of course, that the judge kept his promise. The docket-making in this case was casual at best; it is not impossible that the judge denied the motion, but that his denial was not recorded. Be that as it may, the motion was one that would have been dispositive of the case had the judge granted it. A judge has a duty to rule on pre-trial motions. *Green v. State,* 286 Md. 692, 697, 410 A.2d 234, 236–237 (1980); *Brice v. State,* 254 Md. 655, 662–664, 255 A.2d 28, 31–32 (1969). When a motion to dismiss for violation of § 591 and Rule 4–271 has been as strongly pressed as this one was, and when the judge who heard the motion but a few weeks later presides at the trial, we conclude that the judge has necessarily denied the motion. *See Falk v. Stienback,* 30 Wash.2d 62, 73–74, 190 P.2d 747, 754 (1948). Otherwise, he would not permit the trial to proceed. We reject the view that Capers's argument has been waived.

### III.

When we turn to the merits of the motion, it is clear that it should have been granted. Section 591 and Rule 4–271 recognize the public's interest in the prompt disposition of criminal cases. The statute "manifests the legislature's recognition of the detrimental effects to our criminal justice system which result from excessive delay in scheduling criminal cases for trial and in postponing scheduled trials for inadequate reasons." *Hicks,* 285 Md. at 316, 403 A.2d at 359.

> "Postponement of cases from dates scheduled for trial is one of the major factors contributing to delay in the administration of justice, civil as well as criminal. Courts and court supporting services spend substantial time 'spinning their wheels', in rescheduling cases. Available court time is lost. The time of attorneys and witnesses is lost. Witnesses themselves are lost. Those who are not are put to severe inconvenience as well as actual loss, and

end up in despair at the frustrations of being involved in the trial of a case in the courts. The very image of the judicial system is in serious jeopardy. Public confidence in the courts as instruments of the people is impaired. Judges and lawyers cannot blame the 'system', for they are the people who run that system."

*Id.* at 316–317, 403 A.2d at 360 (quoting *Guarnera v. State,* 20 Md.App. 562, 573, 318 A.2d 243, 248–249 (1974). *See also State v. Brown,* 307 Md. 651, 658, 516 A.2d 965, 968 (1986).

■ Because of the important policy embodied in the statute and rule, the 180–day deadline which they establish may be extended only in strict compliance with their provisions. "Thus, *every* postponement must be granted by the county administrative judge or his designee and must be supported by good cause." *Brown,* 307 Md. at 657, 516 A.2d at 968 [emphasis in original]. The intervention of the administrative judge or that judge's designee is critical because

'it is the administrative judge who has an overall view of the court's business, who is responsible "for the administration of the court," who assigns trial judges, who "supervise[s] the assignment of actions for trial," who supervises the court personnel involved in the assignment of cases, and who receives reports from such personnel,' and '[c]onsequently, the administrative judge is ordinarily in a much better position than another judge of the trial court, or an appellate court, to make the judgment as to whether good cause for postponement of a criminal case exists.'

*State v. Toney,* 315 Md. 122, 129–130, 553 A.2d 696, 700 (1989) (quoting *State v. Frazier,* 298 Md. 422, 453–454, 470 A.2d 1269, 1285 (1984)).

■ Here, the postponement that carried Capers's case beyond the 180–day period was not granted by the county administrative judge or by that judge's designee. It was granted by the assignment officer. The statute and rule do not contemplate or permit the exercise of postponement

authority by anyone other than one with the authority of an administrative judge. The violation before us here mandates dismissal of the charges against Capers.[4]

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR TALBOT COUNTY AND REMAND TO THE CIRCUIT COURT FOR ENTRY OF AN ORDER DISMISSING THE CHARGES AGAINST PETITIONER WITH PREJUDICE. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY TALBOT COUNTY, MARYLAND.

RODOWSKY, J., dissents with opinion.

RODOWSKY, Judge, dissenting.

I respectfully dissent. The Court has been advised that the improper postponement procedures giving rise to the

---

**4.** Because the postponement was not granted by the county administrative judge or that judge's designee, we need not decide whether the reason given for the State's postponement request would have constituted good cause under § 591 and Rule 4–271. For an extensive discussion of what does and what does not constitute good cause, *see State v. Toney*, 315 Md. 122, 128–131, 553 A.2d 696, 699–700 (1989). The reason given here, we recall, was that the investigating officer was scheduled to guide waterfowl hunters on the proposed trial date. We are tempted to debate whether, in the context of the war on drugs, such a reason is adequate to support a third delay in a twice-postponed drug-related trial.

In this context, can a police officer's desire to earn a little money on the side outweigh the public interest in bringing a drug user to the bar of justice? Even on the Eastern Shore, should not a skirmish with geese have to give way to the war against drugs? Nevertheless, soldiers in war are entitled to occasional furloughs, and police officers are entitled to leave. We are told that *this* leave was planned before the trial date had been set. The real culprit here is not the sporting investigating officer, but the Talbot County case-scheduling system, or at least, the operation of that system in this case. It is the responsibility of the court to bring a case to trial within the time presented by the rule. *Goins v. State*, 293 Md. 97, 109–110, 442 A.2d 550, 556 (1982); *Wright v. State*, 68 Md.App. 637, 644, 515 A.2d 477, 481 (1986). But an assignment system that gives only three days' notice of a trial date is virtually guaranteed to produce serious problems, including problems with § 591 and Rule 4–271.

problem in the instant case have been administratively corrected. The logic of turning a convicted criminal loose on the community in order to correct an administrative problem continues to elude me. *See Calhoun v. State*, 299 Md. 1, 13, 472 A.2d 436, 442 (1984) (Rodowsky, J., dissenting).