472 A.2d 470

**David Paul RASH, a/k/a David Paul Robinson**

v.

**STATE of Maryland.**

**No. 13, Sept. Term, 1984.**

Court of Appeals of Maryland.

March 15, 1984.

Gary W. Christopher, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the petition), for appellant.

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the answer to petition), for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

In this criminal case involving the application of Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, we have granted the defendant's petition for a writ of certiorari and shall summarily uphold the Court of Special Appeals' affirmance of his conviction, although on different grounds than those relied upon by the Court of Special Appeals.

The defendant David Paul Rash was charged in the Circuit Court for Harford County with burglary. The appearance of his counsel was entered on February 3, 1981. Therefore the 180-day period for trying the case, prescribed by Art. 27, § 591, and Rule 746, expired on August 2, 1981, unless extended in accordance with § 591 and Rule 746.

The first assigned trial date was April 7, 1981, but it was postponed upon the defendant's motion because an alibi witness was not then available. Trial was rescheduled for June 12, 1981, but on that date Administrative Judge Close ordered a postponement. The docket entry for June 12th reads as follows:

"Matter taken up before the Court (Judge Close) and Court postponed case ... due to the unavailability of Judge or jury to hear case."

The defendant's attorney neither affirmatively consented nor objected to this postponement; instead he was silent. The next assigned trial date was August 26, 1981, which was 24 days beyond the 180-day period set forth in § 591 and Rule 746.

On the morning of trial on August 26th, defense counsel made an oral motion to dismiss based on a claimed violation of § 591 and Rule 746. The trial judge entertained the motion on the merits and denied it, indicating that the August 26th date was the earliest feasible trial date following the prior postponement, considering the number of cases which had already been scheduled for trial after June 12th. Trial proceeded on August 26th; the defendant was convicted of burglary, and he was sentenced to fourteen years imprisonment.

On appeal, the defendant raised the question of whether the court congestion could, as a matter of law, constitute good cause for the postponement from June 12, 1981, to August 26, 1981. The Court of Special Appeals, however, declined to reach this issue. Instead, the court held that, because of the defendant's failure to object to the postponement on June 12th, he "waived his right to call for the imposition of the sanction of dismissal." Alternatively, the intermediate appellate court held that the defendant's failure to file a written motion to dismiss prior to trial, which the court deemed to be a violation of Rule 736, precluded the sanction of dismissal for any violation of § 591 and Rule 746.

■■■ The issue raised by the defendant in the Court of Special Appeals, as well as the two issues decided by that court, were dealt with recently by us in *State v. Frazier*, 298 Md. 422, 470 A.2d 1269 (1984). In *Frazier* we held that the defendant's mere failure to object, when the administrative

judge postponed a case beyond the 180-day period set forth in § 591 and Rule 746, would ordinarily "not preclude a dismissal if § 591 and Rule 746 were violated." 298 Md. at 447, n. 17, 470 A.2d 1269. We also held that, under Rule 736, a trial judge in his discretion may entertain an oral motion to dismiss made on the day of trial and that his willingness to entertain such motion "is the type of action which would not be reviewable on appeal absent a showing of abuse of discretion." *Id.* at 436, n. 11, 470 A.2d 1269. *See Carey v. State,* 299 Md. 17, 472 A.2d 444 (1984), and *Pennington v. State,* 299 Md. 23, 472 A.2d 447 (1984), both filed today. Consequently, the Court of Special Appeals' rulings in this case were erroneous.

■ On the other hand, in *Frazier* we also rejected the argument "that, as a matter of law, an overcrowded docket situation cannot justify either a change of trial date or the length of the delay until the new trial date." 298 Md. at 461, 470 A.2d 1269. We went on to state (*id.* at 461–462, 470 A.2d 1269):

"When the administrative judge or his designee postpones a case beyond the 180-day deadline because of court unavailability, there is a violation of § 591 and Rule 746 only if it is demonstrated that the change of trial date, or the period of time until a new trial date, represented a clear abuse of discretion."

As the defendant in the present case failed to demonstrate that the postponement from June 12th to August 26th represented a clear abuse of discretion by the administrative judge, his motion to dismiss was properly denied.

JUDGMENT AFFIRMED. PETITIONER TO PAY COSTS.

DAVIDSON, Judge, dissenting:

I would reverse the judgment of the Court of Special Appeals for the reasons set forth in my dissenting opinion in *State v. Frazier,* 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984).