657 A.2d 1158

**STATE of Maryland**

v.

**Steven Donnell PARKER.**

**No. 89, Sept. Term, 1994.**

Court of Appeals of Maryland.

May 25, 1995.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for petitioner.

Geraldine Kenney Sweeney, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ., and JOHN F. McAULIFFE, Judge (retired), Specially Assigned.

KARWACKI, Judge.

In this case, we review the circumstances surrounding the scheduling of the trial of a criminal case beyond the 180-day mandate of Maryland Rule 4–271 [1] and determine whether the circuit administrative judge erred in concluding that Md.Rule 4–271 was violated and that the case must therefore be dismissed.

---

1. Maryland Rule 4–271 provides in pertinent part:
 "(a) **Trial Date in Circuit Court.**—(1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. . . . On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date."

## I

On November 16, 1992, Steven Donnell Parker was indicted by the Grand Jury for Anne Arundel County for numerous offenses. Parker initially appeared before the Circuit Court for Anne Arundel County for arraignment on December 14, 1992. The case was called for trial on March 30, 1993, before Judge Raymond G. Thieme, Jr., at which time the State advised the court that it was prepared to go to trial but that Parker was not present. Parker's attorney, who was also involved in another trial on March 30, advised the trial judge that she did not know where Parker was and that she had been unable to locate him since his release from the detention which followed his arrest. Judge Thieme, as the circuit administrative judge for the 5th Judicial Circuit, is empowered, pursuant to Md.Rule 1200 c. 2.(a), to perform any of the duties of a county administrative judge for the purpose of compliance with Md.Rule 4–271. Accordingly, he postponed the case and issued a bench warrant for Parker's arrest.

Parker was arrested on that warrant on May 12, 1993. By letter dated June 9, 1993, the prosecutor outlined terms of a possible plea agreement and advised Parker's attorney that he had set trial for July 21, 1993,[2] in the event the parties were unable to reach an agreement on a plea. On July 19, 1993, Judge Thieme granted the State's request for a one-week postponement of the trial and ordered that motions be heard on July 21.

On July 21, 1993, Judge Thieme heard arguments on Parker's motion to dismiss for an alleged violation of Md.Rule 4–271. There was no dispute that the 180–day period specified in Md.Rule 4–271 (the *Hicks*[3] date) had expired on June 12, 1993. There also was no dispute that following Parker's arrest in May, the prosecutor had set trial for a date beyond that deadline. In granting Parker's motion to dismiss, Judge

---

**2.** In the Circuit Court for Anne Arundel County, the Office of the State's Attorney ordinarily schedules trial dates for criminal cases.

**3.** *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979).

Thieme concluded that Md.Rule 4–271 had been violated because the State, after Parker's arrest in mid–May, had not scheduled a trial date prior to the *Hicks* date or sought a good cause finding for scheduling a trial date thereafter. Judge Thieme also stated that he had granted a postponement on March 30 because Parker was not present for trial· but declined to determine whether there had been an inordinate delay between Parker's arrest on May 12 and the new trial date.

The Court of Special Appeals, in an unreported opinion, affirmed the judgment of dismissal. We granted certiorari upon the State's petition to determine whether dismissal was proper under these circumstances. For the reasons set forth below, we shall hold that dismissal was inappropriate in this case because Md.Rule 4–271 was satisfied.

## II

The State contends that the appropriate rationale to be applied in this case is the two-step analysis which we employed in *Rosenbach v. State,* 314 Md. 473, 480, 551 A.2d 460, 463 (1989), and re-affirmed in *State v. Cook,* 322 Md. 93, 97–98, 585 A.2d 833, 835 (1991), which requires a finding of both good cause for postponement and the lack of inordinate delay in scheduling the ultimate trial date to satisfy Md.Rule 4–271. The State concludes that, if the *Rosenbach* analysis is employed, dismissal is not warranted in this case.

Parker contends that the *Rosenbach* analysis does not apply in this case and that the prosecutor had an obligation to go to the administrative judge when it became clear that the case could not be tried within the 180–day limit. In Parker's words, "[i]f the combination of when the failure to. appear occurred and the length of time it takes to correct it is such that the prosecutor cannot try the case within the 180 day limit, then the prosecutor must go to the Administrative judge, explain the circumstances, and ask permission to exceed the 180 day limit."

The Court of Special Appeals agreed with Parker, holding:

"In this case, the prosecutor took it upon himself to schedule the trial beyond the 180–day deadline without first seeking the approval of the administrative judge. We are unable to conclude that the administrative judge abused his discretion in finding that the scheduling of the case was made without a good cause finding by the administrative judge. It follows that the court did not err in dismissing the indictment."

Without even mentioning the *Rosenbach* decision, the intermediate appellate court affirmed the dismissal of the case, based on the *scheduling* of the case by the prosecutor beyond the *Hicks* date without requesting a finding of good cause from the administrative judge. Accordingly, we shall reverse the judgment of the Court of Special Appeals and remand this case for trial.

### III

In *State v. Hicks*, 285 Md. 310, 403 A.2d 368 (1979), we stated that the provisions of Maryland Code (1957, 1976 Repl.Vol.), Art. 27, § 591 [4] and Md.Rule 746, the forerunner to Rule 4–271, were mandatory:

"The provisions of Rule 746 are of mandatory application, binding upon the prosecution and defense alike; they are not mere guides or bench marks to be observed, if convenient. Accordingly, Judge Pollitt was correct in holding

---

4. Maryland Code (1957, 1976 Repl.Vol.), Art. 27, § 591(a) provided, in pertinent part:

"Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the Circuit Court or the Criminal Court of Baltimore City in which the matter is pending, shall set a date for the trial of the case, which date shall be not later than six months from the date of the arraignment of the person accused or the appearance or the appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for extraordinary cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending."

that Rule 746 is mandatory and that dismissal of the criminal charges is the appropriate sanction where the State fails to bring the case to trial within the 120–day period prescribed by the rule and where 'extraordinary cause' justifying a trial postponement has not been established." [5]

*Id.* at 318, 403 A.2d at 360. At its 1980 session, the Legislature retained the scope and mandatory nature of § 591, but changed the "extraordinary cause" requirement to one of "good cause." Ch. 378 of the Acts of 1980.[6] We later set forth the standard for reviewing a motion to dismiss for failure to try a defendant within 180 days:

"As the *Hicks* and *Goins* [293 Md. 97, 442 A.2d 550 (1982) ] cases make clear, a trial judge entertaining such a motion must ordinarily grant it if the case was not tried within 180 days and if the trial was not postponed beyond that deadline in accordance with the statute and rule. But in making this determination, when reviewing a postponement beyond the 180–day deadline ordered by the administrative judge, deference must be accorded the judgment of the administrative judge and those assignment personnel acting under his supervision. We hold, therefore, as follows: with regard to both components of the 'good cause' requirement in § 591 and Rule 746, the trial judge (as well as an appellate court) shall not find an absence of good cause unless the defendant meets the burden of demonstrating either a clear abuse of discretion or a lack of good cause as a matter of law."

*State v. Frazier,* 298 Md. 422, 454, 470 A.2d 1269, 1286 (1984).

Before addressing whether there was good cause in this case, we must first determine when the critical postponement occurred:

---

**5.** Following our decision in *State v. Hicks, supra,* former Md.Rule 746 was amended in 1979 to increase the *Hicks* limit from 120 days to 180 days.

**6.** Md.Rule 746 was amended in 1980 to conform the rule with Article 27, § 591 as amended by ch. 378 of the Acts of 1980.

" 'The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days.' *Frazier*, 298 Md. at 428, 470 A.2d at 1272. Further, our holding in *Goins v. State*, 293 Md. 97, 442 A.2d 550 (1982), illustrates that the postponing judge need not make a specific finding that the postponement will of necessity carry the case beyond the 180 days."

*Rosenbach v. State*, 314 Md. at 478, 551 A.2d at 462. Once that date has been determined, we can address the remaining two-step analysis set out in *Rosenbach:*

"Nor is it essential, under the statute and rule, that the postponing judge, at the time of postponement or thereafter, personally reset or cause the case to be reset for a particular date.... But the only prerequisite is that the administrative judge or that judge's designee find good cause. Once that determination is made, the postponement is valid for purposes of the rule, subject only to the deferential review accorded the judge's good · cause finding....

Once that occurs, the question is no longer whether there was a postponement for good cause. The issue then becomes the length of the delay. A case postponed for good cause may yet run afoul of the statute and rule if, after a valid postponement, there is inordinate delay in bringing the case to trial. The purpose of the rule is to promote the expeditious disposition of criminal cases, and this purpose is not served if, after a good cause postponement, nothing further is done to achieve that goal. Thus, the dismissal sanction may once again be invoked if, after a good cause postponement, trial is not begun with reasonable promptness."

*Id.* at 479, 551 A.2d at 462–63 (citations omitted). The administrative judge need not be aware that his or her postponement will carry the case beyond the 180–day limit and need not set the trial for a specific future date. *Id.* at 480, 551 A.2d at 463. "It is enough that the postponement be made by the administrative judge or designee, that it be for good cause,

and that there be no inordinate delay between the postponement and the eventual trial." *Id.* (citations omitted).

■ Once the critical postponement date is ascertained, therefore, we must apply a two-step analysis. First, we must ask whether there was good cause for the postponement which occurred on the critical date, and then we must determine if there was inordinate delay between the time of the good cause postponement and the trial date set by the assignment authority, in this case the Office of the State's Attorney.

## IV

The critical postponement date in this case was March 30, the date on which the defendant failed to appear for trial. The indefinite postponement granted on that date carried the defendant's second trial date beyond the 180–day limit. *See Frazier,* 298 Md. at 428, 470 A.2d at 1272. Judge Thieme, as the circuit administrative judge, was the appropriate person to make the required good cause finding. Although Judge Thieme made no express finding of good cause for the March 30 postponement, it is patently obvious that unavailability of the defendant for trial constitutes good cause for a postponement. *See, e.g., Frazier,* 298 Md. at 462–63, 470 A.2d at 1290 (1984).

■ The error made by both the Court of Special Appeals and the circuit administrative judge was reading Rule 4–271 as requiring a specific good cause finding prior to *scheduling* of the case beyond the 180–day limit. The scheduling of the case by the Office of the State's Attorney was not the action that required good cause—the March 30 postponement was. *Rosenbach* sets forth three important propositions: (1) the postponement which, in fact, carries the case beyond the 180–day limit, is the critical event, not the scheduling of the trial; (2) the judge granting that postponement need not be aware that it will cause the trial to occur beyond the 180–day limit and need not be involved in the rescheduling of the case; and (3) if the critical postponement was supported by good cause, the case will not be dismissed for failure to try the defendant

before the *Hicks* date unless there has been an inordinate delay in scheduling the case for trial.

 Because good cause existed for the March 30 postponement by the circuit administrative judge in the instant case, the only remaining question in applying the principles set forth above is that of inordinate delay. Judge Thieme refused to make a finding on this issue at the hearing on Parker's motion to dismiss, and the intermediate appellate court also did not address the issue. The indefinite postponement was granted on March 30, but Parker was not arrested until mid-May. Thereafter, counsel were engaged in efforts to resolve the case without a trial. Little more than two months passed between Parker's second arrest and the new trial date. As a matter of law, we hold that the delay in this case between the time the defendant was arrested after his failure to appear for the initial trial date and the time of his ultimate trial date was not inordinate. We need not remand the case for a hearing on this issue, as we have upheld longer delays in previous cases. *See Rosenbach, supra* (characterizing 78–day delay as insufficient to meet Rosenbach's burden of showing inordinate delay); *State v. Bonev,* 299 Md. 79, 472 A.2d 476 (1984) (delay in excess of three months not a clear abuse of discretion); *State v. Frazier, supra* (no inordinate delay where delays ranged from slightly under three months to almost four months).

As there was good cause for the initial postponement and no inordinate delay occurred in rescheduling the case for trial after Parker's second arrest, there was no violation of Md. Rule 4–271.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY FOR FURTHER PROCEEDINGS. COSTS IN THE COURT OF SPECIAL APPEALS AND THIS COURT TO BE PAID BY RESPONDENT.*

RODOWSKY, CHASANOW and RAKER, JJ., concur.