691 A.2d 257

**Harold Melvin FRANKLIN**

v.

**STATE of Maryland.**

**No. 893, Sept.Term 1996.**

Court of Special Appeals of Maryland.

March 27, 1997.

David Mendelson, Student Atty. (Anthony Bornstein, Assigned Public Defender [Supervising Atty.], on the brief), Washington, DC, for Appellant.

Devy Patterson Russell, Asst. Atty., Gen., Baltimore (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Jack B. Johnson, State's Atty. for Prince George's County, Upper Marlboro, on the brief), for Appellee.

Argued before EYLER, THIEME and SONNER, JJ.

THIEME, Judge.

At issue in this appeal is the interface of Prince George's County's Differentiated Case Management Plan with Md.Ann. Code art. 27, § 591 (1957, 1996 Repl.Vol.) and Maryland Rule 4–271.[1]

Appellant Harold Melvin Franklin appeals from an order of the Circuit Court for Prince George's County denying his Motion to Dismiss all charges. Franklin's motion maintained that the State failed to comply with Maryland statutes that require a defendant to be tried within 180 days of arraignment or appearance of defense counsel. We shall reverse the circuit court's denial of Franklin's motion, and remand the case with instructions that it be dismissed.

Reduced to their bare essentials, the facts are as follows. Appellee, the State of Maryland, charged Franklin with Murder and Use of a Handgun in the Commission of a Felony or Crime of Violence. On 5 October 1995, an Assistant State Public Defender entered his appearance on Franklin's behalf. The Prince George's County Circuit Court assignment office scheduled the trial date for 15 April 1996, pursuant to a Differentiated Case Management Plan[2] (DCMP) implemented by the administrative judge for the Seventh Judicial Circuit, which includes Prince George's County.

On the date of trial, Franklin moved to dismiss all charges. He argued that the State failed to comply with § 591 and Rule

---

1. Or, more colloquially, DCM versus the *Hicks* Rule.

2. The DCMP in effect in Prince George's County states how the concept of differentiated case management was developed:

    Confronted with growing numbers of criminal indictments, increasingly more voluminous and complex civil litigation, and ever mounting backlogs, along with diminishing resources and the high cost of new judicial appointments with attendant entourage, the courts and the professionals concerned with litigation management have sought to develop innovative means for handling and disposing of the influx.

4–271 that establish a defendant's right to be tried within 180 days of arraignment or appearance of counsel.

At the hearing on the Motion to Dismiss, the administrator of the Prince George's County Circuit Court assignment office, testified how her office established Franklin's trial date. Because Franklin's case was a Track 5 case,[3] she attempted to set his trial date 160 days after the appearance of counsel. Next, she selected a trial judge to preside over Franklin's case. Finally, she scheduled the case for the first period of time that the judge she selected was available for three consecutive days. The *initial* trial date was more than 180 days after Franklin's counsel entered his appearance.

Immediately prior to trial, the judge denied Franklin's Motion to Dismiss. A jury found Franklin guilty of Voluntary Manslaughter and Use of a Handgun in Commission of a Felony or Crime of Violence. The court sentenced Franklin to 10 years incarceration for manslaughter and 5 years for use of a handgun, with the sentences to be served consecutively. It is undisputed that neither the court nor the State's Attorney's Office sought to set a trial date within 180 days of defense counsel's entry of appearance. Franklin presents a single question for our review:

> Did the trial court err in allowing the State to try Franklin without requesting or receiving a "good cause" continuance

---

**3.** Differentiated case management contemplates identifying cases by a "track" designation based on certain specified criteria, and passing like cases through the court system with similar time and event specifications. For example, a criminal case where the most serious offense is the distribution of a small amount of a controlled dangerous substance to an undercover police officer might be designated as a Track 2 case because of the simplicity of the issues and the relatively small amount of discovery, while a rape case with DNA evidence might be designated as a Track 5 case because of the length of time needed to complete scientific testing, provide discovery, complete investigations, and prepare experts for trial.

The Track 2 case would be expected to be disposed of and out of the system in a much shorter time than the Track 5 case. The two cases would be channeled through the system with trial and motion dates, plea acceptance dates, and other event dates appropriate for their particular complexity.

after expiration of the 180–day deadline prescribed in Art. 27, § 591 and Md.Rule 4–271?

We shall answer "yes" to that question.

### Background

Maryland statutes and cases impose a 180–day deadline by which the State must bring a criminal defendant to trial. Article 27, § 591 states, in pertinent part:

(a) The date for trial of a criminal matter in a circuit court:

(1) Shall be set within 30 days after the earlier of:

(I) The appearance of counsel; or

(ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and

(2) May not be later than 180 days after the earlier of those events.

(b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.

Maryland Rule 4–271(a) contains substantially the same language.

■ The plain language of the statute and the rule mandate that a trial date shall not be set later than 180 days after the earlier of the entry of defense counsel's appearance or the first appearance of the defendant in circuit court. *See* Art. 27, § 591; Md.Rule 4–271; *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979). This rule is mandatory. *See State v. Parker,* 338 Md. 203, 207–08, 657 A.2d 1158 (1995); *State v. Cook,* 322 Md. 93, 96–97, 585 A.2d 833 (1991); *Goins v. State,* 293 Md. 97, 107, 442 A.2d 550 (1982); *Hicks,* 285 Md. at 318, 403 A.2d 356.

■ "In addition to imposing an 180–day deadline, both the statute and the rule require that the moving party show good cause before a trial may be postponed beyond the prescribed time limit and that only the administrative judge or his designee may grant a postponement." *State v. Robertson,* 72 Md.App. 342, 346, 529 A.2d 847 (1987). A "postponement"

requires the satisfaction of three conditions: (1) a party or the court must request the postponement; (2) good cause must be shown by the moving party; and (3) the county administrative judge, or a judge designated by him, must approve of the extension of the trial date. *Id.* at 347, 529 A.2d 847. The State must strictly adhere to the requirement that postponement be approved by the administrative judge or his designee. *Id.*

Against this tedious background of well-developed law, we now focus on Franklin's issue.[4]

## Discussion

■ On appeal, Franklin contends that the trial court erred in denying his Motion to Dismiss. He argues that the State and the Prince George's County State's Attorney's Office have the duty to bring a case to trial; their failure to do so within 180 days of arraignment, according to Franklin, necessitates dismissal of all charges. The State argues that the trial court correctly denied Franklin's Motion to Dismiss.

In advancing its argument, the State calls our attention to Md.Rule 1211, which provides, in pertinent part:

> b. Case Management Plan; Information Report.
>
> (1) The County Administrative Judge shall develop and, upon approval by the Chief Judge of the Court of Appeals, implement and monitor a case management plan for the prompt and efficient scheduling and disposition of actions in the circuit court. The plan shall include a system of differentiated case management in which actions are classified according to complexity and priority and are assigned to a scheduling category based on that classification.

Prince George's County's DCMP was implemented and is monitored by the county administrative judge. Under this plan, the trial dates of "Track 5" cases (like Franklin's case) were scheduled by the assignment office. The State reasons

---

**4.** "It is tedious to tell again tales already plainly told." Homer, *The Odyssey*, bk. XII, 1. 452.

that the administrative judge "implicitly" made a good cause finding when the administrative vehicle he created, implemented, and oversaw resulted in the assignment office scheduling the *initial* trial date more than 180 days after defense counsel's entry of appearance.

We find the State's argument to be without merit. We believe allowing an assignment office initially to schedule a serious and complex criminal case beyond the 180–day deadline because of an individual judge's heavy docket, *without* the defendant's consent, tramples on the 180–day rule created by the General Assembly and endorsed by the Court of Appeals.

■ We reiterate the mandatory nature of the 180–day rule. *See Parker,* 338 Md. at 207–08, 657 A.2d 1158; *Cook,* 322 Md. at 96–97, 585 A.2d 833; *Goins,* 293 Md. at 107, 442 A.2d 550; *Hicks,* 285 Md. at 318, 403 A.2d 356. "The policy of the rule, of course, demands that both the court and prosecution take appropriate steps to assure that there is no inordinate delay." *Rosenbach v. State,* 314 Md. 473, 483, 551 A.2d 460 (1989) (citing *Robertson,* 72 Md.App. at 350, 529 A.2d 847). Any delay exceeding the permissible period of orderly trial preparation must not only be explained by the State, it must be justified. *Id.* In the instant case, the State cannot meet its burden because the case was *initially set* beyond 180 days.

Moreover, to hold as the State requests would allow every county to avoid application of the 180–day rule in Track 5 cases (where it is arguably most important) by delegating the authority to "implicitly" make good cause findings to the assignment office and permitting the assignment office to set trial dates beyond the clear mandates of Art. 27 § 591 and Rule 4–271(a). We will not render a decision that will nullify Art. 27, § 591 and Rule 4–271(a) by making them secondary to administrative efficiency or convenience.

We find the instant case to be legally akin to and controlled by *Capers v. State,* 317 Md. 513, 565 A.2d 331 (1989). In *Capers,* the assignment officer, rather than the county administrative judge or that judge's designee, granted a postponement that carried the case beyond the 180–day period. The

Court of Appeals held that the postponement was a violation that mandated dismissal of the charges because Art. 27, § 591 and Rule 4–271 did not contemplate or permit the exercise of postponement by anyone other than one with the authority of an administrative judge. *Id.* at 520–21, 565 A.2d 331.

With *Capers* in mind, we look to *Calhoun v. State*, 299 Md. 1, 472 A.2d 436 (1984). In *Calhoun*, the defendant and a co-defendant were indicted for murder, armed robbery, and various other offenses. The trial court granted the State's motion for a severance, and both cases were scheduled 5 days prior to the expiration of the 180–day deadline.[5] The State chose to proceed with the trial of the co-defendant on an unrelated matter, but never expressly petitioned the administrative judge for a postponement of Calhoun's trial. The trial court rejected defense counsel's motion that the charges against Calhoun be dismissed for noncompliance with § 591 and Rule 746.[6] He was tried and convicted. *Id.* at 2–5, 472 A.2d 436.

On appeal, *Calhoun* argued that the trial court violated § 591 and Rule 746 because the administrative judge did not postpone or approve the postponement of the trial date prior to the expiration of the 180–day period. The State argued that even if § 591 and Rule 746 were violated because the administrative judge failed to postpone or approve the postponement prior to the expiration of 180 days, the case should not be dismissed because good cause existed for the postponement.

The Court of Appeals held that, once the 180–day period has expired, a trial judge ruling on a motion to dismiss or an appellate court cannot make a de novo determination of good cause for a postponement and excuse the State's noncompliance with § 591 and Rule 746. *Id.* at 7–8, 472 A.2d 436.

---

**5.** The trial court postponed the case because the defendant entered an insanity plea, which required a mental examination. After the trial court rescheduled the trial date, however, the case was still set within 180 days of arraignment.

**6.** Rule 746 was the precursor to Rule 2–471.

We believe the reasoning of the Court of Appeals in *Calhoun* defeats the State's argument in the instant case. *Calhoun* essentially says that a case must be dismissed once the 180–day time period has expired, even if good cause for a postponement exists, because the initial trial date was set outside the statutorily proscribed 180 days. Accordingly, we do not believe our review of the instant case warrants an analysis of whether a good cause postponement existed.[7]

■ When read together, *Capers* and *Calhoun* stand for the proposition that dismissal is the only remedy if the case is not tried within 180 days of arraignment or entry of appearance of counsel and the administrative judge or that judge's designee does not make a good cause postponement. We therefore must dismiss the instant case because there was no postponement made by the county administrative judge within 180 days of the entry of appearance of Franklin's counsel.

The State relies heavily on *Rosenbach v. State,* 314 Md. 473, 551 A.2d 460 (1989). In *Rosenbach,* the defendant prayed a jury trial, which moved the case from district court to circuit court. The case was originally set within 180 days of the entry of defense counsel's appearance. The administrative judge's designee postponed the trial because the defendant's probation officer was unavailable. The assignment office reset the case within the 180–day deadline. At the second trial, another judge, purportedly acting as the designee of the

---

7. In *Calhoun,* the State argued, in the alternative, that the 180–day rule is complied with if the trial judge postpones the case before the 180–day period expires and the administrative judge approves the postponement of a trial date after the 180–day deadline. *Id.* at 6, 472 A.2d 436. The Court of Appeals held that a postponement for good cause must be made by the administrative judge within 180 days of arraignment or first appearance of the defendant in circuit court. Judge Eldridge observed on behalf of the Court, "A purported ratification by the administrative judge, long after the trial has already been improperly postponed beyond the 180–day period, is not compliance with § 591 and Rule 746." *Id.* at 9, 472 A.2d 436.

Again, in the instant case, the administrative judge made no good cause finding prior to the expiration of the 180–day period. Thus, we do not believe that our analysis of this case requires a determination of whether good cause for a postponement existed.

county administrative judge, postponed the trial for want of a courtroom. Again, the judge ordered the case reset by the assignment office. The assignment office rescheduled the case outside the 180–day deadline. At trial, the defendant's motion to dismiss based on noncompliance with § 591 and Rule 4–271 was denied. He was tried, convicted, and sentenced. *Id.* at 476–77, 551 A.2d 460.

On appeal, the defendant argued that the requisite procedures were not followed because the judges delegated the rescheduling of the cases to the assignment office. The defendant maintained "that the postponement ordered by [the trial judge] did not carry the case beyond 180 days; rather, the [assignment office]'s failure to reset the case promptly caused that problem." *Id.* at 477–78, 551 A.2d 460. The Court of Appeals rejected that argument. *Id.*

In *Rosenbach,* the assignment office set in the trial date at the behest of the judge *after* he found good cause to postpone. In the instant case, the administrative judge's connection to the setting of the trial date was much more tenuous. The judge never postponed the trial date in the case *sub judice* after a good cause finding; the case was originally set in for trial beyond 180 days of the entry of appearance of defense counsel. *Rosenbach,* therefore, is distinguishable from this case. The rule requires that the administrative judge or that judge's designee make a good cause finding in *that particular case;* it is not enough for a judge to set in motion the events that culminate in a trial being scheduled beyond 180 days.

According to the State, *Rosenbach* stands for the proposition that a trial can be set more than 180 days after defense counsel enters her appearance if the administrative judge has delegated the duty of selecting a trial date to the assignment office.

We read *Rosenbach* to say that an assignment office may set a *reasonable* date outside the 180–day rule if a judge grants a good-cause postponement, either expressly or implicitly through a ruling, then delegates the authority to reset the case to the assignment office. *Rosenbach* does not apply

unless the court has previously made a "good cause" postponement; nor does it give an assignment office the right to set the *initial* trial date outside of 180 days of entry of appearance of defense counsel or the defendant's first appearance in circuit court.

In the case *sub judice,* the trial court reconciled the facts of the instant case with *Rosenbach* in the following way:

> [the] administrative judge . . . sort of hands it over to somebody else, [and] says go to work. [T]hey go to work. . . . That is somewhat of [an] analogy, but [it] is the closest I can come where the administrative judge [is] somewhat indirectly involved through the plan he has implemented through the county assignment office as to how trial dates are set.

The trial court apparently felt that *Rosenbach* was factually similar to a situation in which an administrative judge formulates a DCMP that results in an assignment office setting the initial trial date outside of the 180–day rule. For the reasons set forth we disagree.

The failure to schedule the instant case within 180 days of defense counsel's entry of appearance mandates dismissal. We therefore must reluctantly dismiss the instant case. Dismissal of the criminal charges is the appropriate sanction not only because of the trial court's failure to try the case within 180 days of arraignment or appearance of counsel, but also because of the failure of the administrative assignment process, and the failure of the State's Attorney either to try the case within the 180–day period or obtain a good cause postponement from the administrative judge. *Robertson,* 72 Md. App. at 351, 529 A.2d 847.

It is difficult for this Court to free a man who, after receiving a fair trial on the merits, was convicted of killing another human being. As distasteful as it is, however, we are left with no other option. The limitation on the scheduling of criminal cases was initially created by the General Assembly in 1971. The subsequent court rule merely puts into effect the legislative will. *Hicks, supra,* at 315, 403 A.2d 356. It would

be inappropriate for this Court, by contrived interpretation, to defeat the expressed will of that branch of government. In view of the origin of the statute, its limitations are not such that we can change them. So long as the General Assembly desires this limitation, it remains binding on the judicial branch, regardless of the effects of its application. We are not legislators. If the provisions are to be changed, that change must begin where the limitation began——the General Assembly.

**JUDGMENT REVERSED; CASE REMANDED WITH INSTRUCTIONS THAT ALL CHARGES BE DISMISSED.**

**COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**