750 A.2d 1

**Wilmer Anthony GOLDRING and Clarence Lyles**

v.

**STATE of Maryland.**

No. 100, Sept. Term, 1999.

Court of Appeals of Maryland.

April 18, 2000.

Claudia A. Cortese, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioners.

Gary E. Bair, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and HARRELL, JJ.

BELL, Chief Judge.

This is yet another case in which this Court is required to consider the proper sanction for violation of Maryland Code (1957, 1999 Repl.Vol.) Article 27, § 591 [1] and Maryland Rule 4–271.[2] In this case, it is contended by Wilmer Anthony Goldring and Clarence Lyles, the petitioners, that the continuance that resulted in a trial date beyond the 180 day period prescribed by the statute and the rule, was not properly granted because the trial judge who granted it had been improperly designated by the county administrative judge, and thus was not authorized to do so. Judge Henderson, one of the three Charles County judges expressly designated to grant postponements of the Circuit Court trial dates, rejected the respondent's challenge, concluding that there was good cause for the continuance and that when that is the case,

---

**1.** That section provides:

"(a) The date for trial of a criminal matter in a circuit court:

"(1) Shall be set within 30 days after the earlier of:

"(i) The appearance of counsel; or

"(ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and

"(2) May not be later than 180 days after the earlier of those events.

"(b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.

"(c) The Court of Appeals may adopt additional rules of practice and procedure for the implementation of this section in circuit courts."

**2.** Maryland Rule 4–271 Provides:

"(a) Trial Date in Circuit Court.

"(1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events. When a case has been transferred from the District Court because of a demand for jury trial, and an appearance of counsel entered in the District Court was automatically entered in the circuit court pursuant to Rule 4–214(a), the date of the appearance of counsel for purposes of this Rule is the date the case was docketed in the circuit court. On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date."

"[a]nyone can grant a continuance." The Court of Special Appeals affirmed, in an unreported opinion. Having granted the petitioners' petition for writ of certiorari to address this important issue, *Goldring v. State,* 356 Md. 495, 740 A.2d 612 (1999), we shall reverse.

I

Article 27, § 591 and Maryland Rule 4–271 "codify and implement the chief legislative objective that 'there should be a prompt disposition of criminal charges in the circuit courts.'" *Dorsey v. State,* 349 Md. 688, 700, 709 A.2d 1244, 1249 (1998), quoting *State v. Hicks,* 285 Md. 310, 403 A.2d 356, on motion for reconsideration, 285 Md. 334, 403 A.2d 368, 369 (1979). We have explained the rationale for their operation:

"Consistent with, and to facilitate the achievement of, their objective, both § 591 and Rule 4–271, 'set forth a definite time requirement for the trial of criminal cases and an explicit procedure for postponing a case beyond the 180–day limit.' [*Goins v. State,* 293 Md. 97, 109, 442 A.2d 550, 556 (1982) ]. Both mandate that a criminal defendant must be brought to trial within 180 days after the earlier of the arraignment of the defendant or the appearance of defense counsel. In the event that a defendant cannot be brought to trial within 180 days, the county administrative judge or his designee must make a finding of good cause justifying the postponement of the trial date beyond the prescribed time limit. Accordingly, postponements that cause the scheduling of a criminal trial beyond the 180 day period must be granted by the county administrative judge or his designee and must be supported by good cause. *State v. Brown,* 307 Md. 651, 657–58, 516 A.2d 965, 968 (1986). 'Neither the accused nor the prosecution nor the trial court are empowered to dispense with the mandates of § 591 and Rule [4–271].' *Id.* Hence, we have determined that the mechanism established by the statute and the rule meet the intended objectives as it affords reasonably prompt trials, and eliminates excessive scheduling delays and unjustifiable postponements. *See id.; Farinholt v. State,* 299 Md. 32, 41, 472

A.2d 452, 456 (1984). Additionally, the mechanism of the Hicks Rule serves as a means of protecting society's interest in the efficient administration of justice. The actual or apparent benefits of § 591 and Rule 4–271 confer upon criminal defendants are purely incidental. See *Calhoun v. State*, 299 Md. 1, 11–12, 472 A.2d 436 (1984); *Curley v. State*, 299 Md. 449, 460, 474 A.2d 502 (1984); [*State v.*]*Frazier*, 298 Md. [422,]456, 470 A.2d [1269,]1286–87 [ (1984) ]; *Marks v. State*, 84 Md.App. 269, 277, 578 A.2d 828, 832 (1990)."

*Dorsey*, 349 Md. 688, 701, 709 A.2d 1244, 1250 (1998).

As we have seen, both the statute and the rule require a finding of good cause by the county administrative judge, or that judge's designee, to change the Circuit Court trial date. In implementation of the statute and the rule, Maryland Rule 16–101.d.3 (ii) prohibits a county administrative judge from authorizing more than one judge at a time to postpone the trial date of cases originating in the Circuit Court.[3] Despite this prohibition, the Charles County Administrative judge, by Administrative Order No. 97–1, applicable during the times at issue in this case,[4] designated all of the other Charles County

---

**3.** Maryland Rule 16–101.d.3 (ii) provides:

"(ii) In the implementation of Code, Article 27, § 591 and Rule 4–271(a), a County Administrative Judge may (A) with the approval of the Chief Judge of the Court of Appeals, authorize one or more judges to postpone criminal cases on appeal from the District Court or transferred from the District Court because of a demand for jury trial, and (B) authorize not more than one judge at a time to postpone all other criminal cases."

**4.** Administrative Order 97–1 was superceded by Administrative Order 98–1, dated February 17, 1998, which was, in turn, superceded by Administrative Order 99–1, dated February 23, 1999. Both these latter Administrative Orders also designate all three Charles County Circuit Court judges, but for specified dates set forth in a schedule attached to the order. As we shall see, the purpose of placing the postponement responsibility in the hands of the administrative judge was to give it to the judge in the best position to discharge that responsibility appropriately and consistently with the Legislative intent. *See also State v. Frazier*, 298 Md. 422, 453–454, 470 A.2d 1269, 1285–86 (1984). Rule 16–101.d.3 (ii)(B), allowing the administrative judge to designate another judge for that purpose, must be read to further that intent.

Circuit Court judges, three in number, as well as "any other judge assigned to sit in the stead of any of them," for the purpose of changing Circuit Court trial dates.

Their cases previously having been consolidated for trial, the petitioners and their co-defendant, a Mr. Heard, appeared for trial on September 9, 1997. Mr. Heard's counsel was ill and thus unavailable. The cases were continued over the petitioners' objection, not by the Administrative judge, but by Judge Henderson, who had been designated along with all of the other Charles County judges for that purpose. Judge Henderson found in each case that the "unfortunate illness of one of the defense counsel," coupled with its order consolidating the cases, to be "good cause" for the continuance. The cases were rescheduled for November 17, 1997.

On that date, the petitioners moved to dismiss the charges against them. The basis for the motion was their contention that the continuance was granted in violation of § 591 and Rule 4–271. They argued that, because he was not the only Charles County judge designated by the county administrative judge to grant continuances, Judge Henderson "did not have authority to act as the administrative judge's designee and grant a continuance for purposes of Rule 4–271 and § 591" and, thus, the continuance he granted was invalid. Rejecting the petitioners' argument, Judge Henderson concluded, relying on the Court of Special Appeals' decision in *State v. Dorsey,* 114 Md.App. 678, 691 A.2d 730 (1997), *aff'd on other grounds,* 349 Md. 688, 709 A.2d 1244 (1998), that when there is good cause for continuance, "[a]nyone can grant a continuance." He also found "(a), I had the authority to continue the case, (b) we were missing an attorney, and (c), it really doesn't matter because there was good cause to continue it from September 9, so we are going to deny the motion."

The Court of Special Appeals affirmed the judgment of the Circuit Court, but on somewhat different grounds. To be sure, the intermediate appellate court did not condone the practice of designating all of the Circuit Court judges in a County for the purpose of changing trial dates and it did

suggest that dismissal may not be the proper sanction for such a violation. But that was not the basis for its decision. Although not raised by the State, the Court of Special Appeals held that the petitioners waived their argument that Judge Henderson did not have the authority, even for good cause, to grant the continuance which postponed the case beyond the 180 day limit. In support of that holding, it noted its careful review of the transcript of the September 9, 1997 hearing and its "conclu[sion] that violation of Rule 16–101.d.3 (ii), the precise ground on which appellants subsequently sought to rely, both prior to trial, at sentencing, and on appeal, was not raised at that time and, thus, was waived." The court explained:

> "[T]he purpose to be served by requiring a party to bring fully and fairly their position to the trial court is so that the trial court can pass upon and possibly correct any error or irregularity in the proceedings.... In this case, if expressly confronted with the Rule 16–101.d.3 (ii) requirement, the trial court at least would have had the opportunity to advise the County Administrative Judge of the situation and perhaps resolved the matter. By not raising the issue until trial on the date agreed to at the critical Hicks hearing, the opportunity for compliance was lost. Although the trial court later determined that his actions as a designee of the County Administrative Judge was appropriate, this after-the-fact determination was made when the Hicks calendar could not be turned back. An after-the-fact argument does not promote fairness or the orderly administration of the law." (Citation omitted)

## II

The petitioners argue that, to preserve the matter for appellate review, it is not necessary that an objection to the authority of the judge to postpone their trial date past the 180 day period prescribed by § 591 and Rule 4–271 be made at the time the postponement is granted. Stated differently, they maintain that those provisions of the statute and the Rule requiring postponements to be granted by the County Admin-

istrative judge or his designee may not be waived. They rely on *State v. Frazier,* 298 Md. 422, 470 A.2d 1269 (1984), *State v. Brown,* 307 Md. 651, 516 A.2d 965 (1986) and *Dorsey, supra.* They are correct.

It is well settled that the requirements of § 591 and Rule 4–271 are mandatory. *Hicks,* 285 Md. at 318, 403 A.2d at 360. ("The provisions of Rule 746 are of mandatory application, binding upon the prosecution and defense alike; they are not mere guides or bench marks to be observed, if convenient."). Their interpretation does not relate to the fact-finding determination of whether a defendant did the act, but, like an exclusionary rule, is a prophylactic measure designed to insure compliance with the requirements imposed on the State regarding prompt trials of criminal cases. *Id.* at 337, 403 A.2d at 370. Thus, the applicability of § 591 and Rule 4–271 simply does not depend upon the action or inaction of the defendant.

In one of the cases decided with *Frazier,* in addition to arguing full compliance with the statute and the Rule, the State placed some reliance on the defense attorney's failure to object both to the critical postponement and at the time a new trial date was selected. 298 Md. at 445–46, 470 A.2d at 1281. Rejecting that argument, the Court stated:

" ... the trial judge was clearly correct in holding that the defense attorney's failure to object would not preclude a dismissal if § 591 and Rule 746 [the predecessor to Maryland Rule 4–271] were violated. The defense attorney's conduct in this case is not what was contemplated in *Hicks* when we stated that a

'circumstance where it is inappropriate to dismiss the criminal charges is where the defendant, either individually or by his attorney, seeks or expressly consents to a trial date in violation of Rule 746.' 285 Md. at 335, 403 A.2d 356."

"And in *Goins,* with respect to certain allegedly dilatory conduct by defense counsel, we held (293 Md. at 108, 442 A.2d 550):

'At best, it might arguably constitute an implied consent to a postponement of the trial date, depending upon the circumstances. However, in order to avoid such doubts and controversies, *Hicks* carefully limited this exception to the situation where the defendant seeks or expressly consents to a trial date in violation of the rule.' "

*Id.* at 447, n. 17, 470 A.2d at 1282, n. 17. *See Rash v. State,* 299 Md. 68, 70–71, 472 A.2d 470, 471 (1984).

The question in *Brown* was whether the defendant's "waiver of Rule 746 requirements" constituted express consent to a trial date in violation of Rule 746, thereby rendering inapplicable the dismissal sanction, the question expressly reserved in *Farinholt v. State,* 299 Md. 32, 42, 472 A.2d 452, 456 (1984). *Id.* at 652, 516 A.2d at 965. The defendant in that case had executed a document, captioned "Waiver of Maryland Rule 746 Requirements," in which he purported, having been advised by counsel of the right to a prompt disposition of his case, to "[waive] the time requirements from appearance of Defendant before the Court pursuant to Maryland Rule 7[46] to trial (180 days)." Noting that all postponements of a Circuit Court criminal trial date must be done in accordance with the requirements of § 591 and Rule 4–271, i.e., that every postponement must be granted by the county administrative judge or his designee and must be supported by good cause, and that is true even when the defendant seeks the postponement or agrees to it, *id.* at 657–58, 516 A.2d at 968, the Court was explicit in its admonition

"that this case does not involve a defendant's "waiver" of the requirements of Art. 27, § 591, and former Rule 746. Despite the terminology used by both parties and by the courts below, the requirements of § 591 and Rule 746 cannot be rendered inoperable because a defendant purports to "waive" them. Neither the accused nor the prosecution nor the trial court are empowered to dispense with the mandates of § 591 and Rule 746."

*Id.* at 656–57, 516 A.2d at 967–68.

The Court then rationalized the situation in which "the defendant, either individually or by his attorney, seeks or

expressly consents to a trial date in violation of Rule 746, a situation to which the sanction of dismissal is inapplicable, distinguishing it from a waiver scenario:

> "This is not because the defendant, by his action or consent, has "waived" the requirements of § 591 and Rule 746, so that the requirements are inapplicable. Rather, it is because '[i]t would ... be entirely inappropriate for the defendant to gain advantage from a violation of the rule when he was a party to that violation.'"

*Id.* at 658, 516 A.2d at 968–69, quoting *State v. Hicks, supra,* 285 Md. at 335, 403 A.2d at 369. It concluded that the former scenario applied to the defendant, thus rejecting his argument for dismissal.

The same result was reached in *Dorsey.* In that case, when the defendant failed to appear at his trial, having turned himself in on charges pending in another Circuit Court in another county, the trial judge, who was neither the administrative judge or that judge's designee, postponed the case, revoked his bond and issued a bench warrant. The State neither sought a good cause determination from the administrative judge nor sought to bring the defendant to trial prior to expiration of the Hick's period. Consequently, at his trial scheduled three months after the 180 day period had passed, the defendant moved to dismiss the charges and the trial court granted the motion. This Court reversed, holding that "the petitioner's absence was voluntary, the effect of which was to force postponement of his trial. His absence, therefore, was tantamount to seeking a trial date in violation of § 591 and Rule 4–271." *Id.* at 709, 709 A.2d at 1254. In so concluding, we reiterated what is now well settled: "'that a defense attorney's failure to object at the time when a case is being postponed to a date beyond 180 days does not ordinarily constitute express consent, as contemplated in *Hicks,* to a trial date in violation of the 180 day rule,'" *id.* at 703–04, 709 A.2d at 1251, *quoting Frazier,* 298 Md. at 447, n. 17, 470 A.2d at 1282 n. 17, and that the requirements of the Rule are mandatory whatever the conduct or wishes of the State or the defendant. *Id.* at 701, 709 A.2d at 1250. The Court also

revisited the purpose of the statute and the Rule—afford reasonably prompt trials, and eliminate excessive scheduling delays and unjustifiable postponements, (citing *Farinholt v. State*, 299 Md. 32, 41, 472 A.2d 452, 456 (1984)), thereby protecting society's interest in the efficient administration of justice. *Id.* We thought it significant that "[t]he actual or apparent benefits ... § 591 and Rule 4–271 confer upon criminal defendants are purely incidental." *Id., citing Calhoun v. State*, 299 Md. 1, 11–12, 472 A.2d 436 (1984); *Curley v. State*, 299 Md. 449, 460, 474 A.2d 502 (1984); *Frazier*, 298 Md. at 456, 470 A.2d at 1286–87; *Marks v. State*, 84 Md.App. 269, 277, 578 A.2d 828, 832 (1990).

If, as the Court of Special Appeals held and the State argues, the defendant, by failing to state not simply an objection to a postponement, but the precise defect rendering the postponement invalid, waives or forfeits his right to the dismissal sanction, the purpose of the *Hicks* mechanism is undermined. Rather than being mandatory, the statute and the Rule are mandatory only to the extent that the defendant objects, thus, allowing, even requiring, the defendant to dispense with the statute's and the Rule's mandate. Moreover, this approach is inconsistent with this Court's *Hicks* jurisprudence. Indeed, adopting it will necessitate the overruling of a number of our cases, beginning with *Hicks*. We hold that the Court of Special Appeals erred in holding that traditional waiver principles apply to the application of § 591 and Rule 4–271.

### III

■ The State acknowledges that there was a violation of Maryland Rule 16–101.d.3 (ii) when the county administrative judge authorized each of the county Circuit Court judges, at the same time, to postpone criminal cases originating in the Circuit Court. It recognizes, as well, this Court's prior admonitions and cautions concerning such broad authorizations, *see Farinholt v. State*, 299 Md. at 37–38 n. 2, 472 A.2d at 454 n. 2 ("any procedure adopted by a circuit court consisting of several trial judges, by which *all* trial judges are purportedly

authorized to grant postponements for purposes of § 591 and Rule [4–271(a) ] ), would not comply with § 591 and Rule [4–271(a) ]", *see also Rosenbach v. State*, 314 Md. 473, 477, 551 A.2d 460 (1989), and the rationale underlying those admonitions, as enunciated in *Frazier*: the administrative judge ordinarily is in a much better position than any other trial judge on the court to make the judgment as to the existence of good cause for, as well as the length of, a postponement. 298 Md. at 454, 470 A.2d at 1285.[5]

The State argues, however, that there is "no authority for the proposition that the order designating Judge Henderson and others to grant a postponement for good cause shown was rendered null and void by the designation of more than one judge." It finds relevant, as negating the petitioners' argument that the issue *sub judice* is jurisdictional, the fact that, in *Rosenbach*, this Court refused to address the defendant's motion to dismiss because "neither the Administrative Judge or his designee [has] granted a change in the trial date." 314 Md. at 482, 551 A.2d at 464.[6] Finding *Capers v. State*, 317 Md. 513, 516, 565 A.2d 331(1989), *Ingram v. State*, 80 Md.App. 547, 565 A.2d 348, *cert. denied*, 318 Md. 2, 566 A.2d 754 (1989),

---

**5.** The Court explained the rationale for this conclusion as follows:

"The major safeguard contemplated by the statute and rule, for assuring that criminal trials are not needlessly postponed beyond the 180-day period, is the requirement that the administrative judge or his designee, rather than any judge, order the postponement. This is a logical safeguard, as it is the administrative judge who has an overall view of the court's business, who is responsible 'for the administration of the court,' who assigns trial judges, who 'supervise[s] the assignment of actions for trial,' who supervises the court personnel involved in the assignment of cases, and who receives reports from such personnel."

*State v. Frazier*, 298 Md. 422, 453–54, 470 A.2d 1269, 1285 (1984).

**6.** To be sure, the Court did refuse to address the issue of the authority of the court granting the postponement to do so; however, we pointed out:

"That argument was apparently directed to the factual issue of whether Judges Pines and Arabian had been designated by Administrative Judge Kaplan and not to the question of whether numerous judges could be lawfully designated under the statute and rule."

*Rosenbach v. State*, 314 Md. 473, 482, 551 A.2d 460, 464 (1989).

and *Franklin v. State,* 114 Md.App. 530, 539, 691 A.2d 257, 262, *cert. denied,* 346 Md. 241, 695 A.2d 1229 (1997) inapposite, it proffers that, rather than dismissal, the appropriate sanction in this case is one of internal judicial administration, recognized in *Brown* as applicable to "other" violations of § 591 and Rule 4–271.[7]

As has been stated time and time again, it is a violation of § 591 and Rule 4–271, for which dismissal is the appropriate sanction, for a Circuit Court case to be tried more than 180 days after the earlier of the arraignment of the defendant or the appearance of defense counsel, when the postponement resulting in the trial date beyond the 180 day limit has not

---

7. In *State v. Brown,* 307 Md. 651, 658, 516 A.2d 965, 968 (1986), after noting the holding of *Hicks* and its progeny, that when a Circuit Court criminal case is not tried within the 180–day time limit set forth by then § 591 and then Rule 746, and was not postponed beyond the 180–day deadline in accordance with § 591 and Rule 746, the sanction for such violation of the statute and rule is ordinarily dismissal of the criminal charges, this Court stated that "[t]he sanctions for other violations of § 591 and Rule 746 are ones of internal judicial administration." (*Citing Farinholt v. State, supra,* 299 Md. 32, 41, 472 A.2d 452, 456 (1984), *State v. Hicks,* 285 Md. at 335, 403 A.2d 356 and *Grant v. State,* 299 Md. 47, 53, 472 A.2d 459, 462 (1984)). What we said in *Farinholt* makes clear to what our reference to "other violations of § 591 and Rule 746" related:

  "In the *Hicks* opinion we indicated that every postponement of a circuit court criminal trial date was required to be granted by the administrative judge or his designee and only upon a showing of the requisite cause.... At the same time, we made it clear in *Hicks* that the purpose of § 591 and Rule 746 was to set a time limit for the trial of a criminal case, that the dismissal sanction was applicable when the case was not tried within that time limit and not postponed in accordance with § 591 and Rule 746, but that the dismissal sanction was inapplicable to violations of § 591 and Rule 746 which did not prevent the case from being tried within the prescribed time period.... Thus, when there are several orders by the administrative judge postponing a criminal trial, and one of those orders has the effect of postponing the trial beyond the 180–day deadline, it is the latter order with which a judge hearing a motion to dismiss is concerned. The critical order by the administrative judge, for purposes of the dismissal sanction, is the order having the effect of extending the trial date beyond 180 days."

  299 Md. at 40–41, 472 A.2d at 456, *quoting Frazier,* 298 Md. at 428, 470 A.2d 1269.

been granted by the administrative judge or his designee to be for good cause. Indeed, as we pointed out in *Frazier,* 298 Md. at 450, n. 20, 470 A.2d at 1284, "if a case is not tried within the 180-day deadline, and if there was no order by or approved by the administrative judge [or that judge's designee] having the effect of postponing the trial past the deadline, a motion to dismiss for a violation of § 591 and Rule 746 must ordinarily be granted even if there may have been good cause for such a postponement." *See Goins,* 293 Md. at 106, 109–112, 442 A.2d 550. Thus, we have applied the dismissal sanction, without regard to the merits of the good cause determination, where the postponement that took the case beyond the prescribed 180 day limit was not authorized by the administrative judge or the administrative judge's designee.

In *Capers,* the critical postponement was granted by the Circuit Court assignment officer. 317 Md. at 516, 565 A.2d at 332. In *Ingram,* it was granted by the designee of the administrative judge's designee. 80 Md.App. at 555, 565 A.2d at 351. In *Franklin,* pursuant to a differentiated case management plan, the Circuit Court assignment office set the trial date that violated the 180 days limit. Although not on all fours with the facts in this case, in each case, neither the administrative judge nor that judge's designee granted the critical postponement. Moreover, what the Court of Special Appeals said in *Ingram* is instructive on this point:

"Interpreting the statute and the rule as permitting the County Administrative Judge's designee, in turn, to designate another judge to perform the administrative duties delegated to him leads to, and, indeed, invites, an anomalous result. If the administrative judge's designee may further designate, so, too, may that judge's designee and so forth. It is therefore conceivable that, at any given time, each judge in a circuit could be authorized to grant changes in trial dates. That result was specifically made the subject of a caution in *Farinholt,* 299 Md. at 37–38 n. 2, 472 A.2d 452: " . . . any procedure adopted by a circuit court consisting of several trial judges, by which *all* trial judges are purportedly authorized to grant postponements for purposes of § 591

and Rule [4–271(a) ], would not comply with § 591 and Rule [4–271(a) ]". (Emphasis in original) It would also run afoul of the purpose of the statute and rule, which, as we have indicated, are designed to ensure that the judge in the best position to do so changes the trial date."

80 Md.App. at 558, 565 A.2d at 353.

*Dorsey* also is instructive. In that case, as we have previously pointed out, the critical postponement was granted by the trial judge, who was neither the administrative judge nor that judge's designee. The Court of Special Appeals addressed that point, concluding that the trial court's postponement decision was "substantively unassailable," a defendant's unavailability constituting good cause for a postponement, as a matter of law. *State v. Dorsey*, 114 Md.App. 678, 698, 691 A.2d 730, 740 (1997). That court went on to hold, relying upon its holding in *Simms v. State*, 83 Md.App. 204, 210, 574 A.2d 12, 15, *cert. denied*, 321 Md. 68, 580 A.2d 1077 (1990), that a good cause finding by the administrative judge or that judge's designee was unnecessary because, "[t]here was no special 'expertise' or policy consideration or calendar overview that an administrative judge could have contributed," *Dorsey*, 114 Md.App. at 701, 691 A.2d at 741, that, "[s]ave only for the option of trying the appellee in absentia, an option not to be exercised by the administrative judge in any event, [the trial judge] had no choice but to do what he did. The administrative judge could have done nothing different." *Id.*

Although we affirmed the judgment of the intermediate appellate court in *Dorsey*, we were careful to make clear that we did so for reasons different from those advanced by that court and to point out that our affirmance was "neither an adoption or endorsement of the intermediate appellate court's three alternative rationales or grounds." 349 Md. at 699, 709 A.2d at 1249. Thus, it is significant that this Court reiterated the oft repeated *Hicks* standard: "the county administrative judge or his designee must make a finding of good cause justifying the postponement of the trial date beyond the prescribed time limit [and] postponements that cause the scheduling of a criminal trial beyond the 180 day period must

be granted by the county administrative judge or his designee and must be supported by good cause." *Id.* at 701, 709 A.2d at 1250.

■ The State points out that, when he granted the postponement at issue in this case, Judge Henderson had been designated, pursuant to Administrative Order 97–1, albeit he was not the only designee, as authorized to postpone Circuit Court cases. In effect, then, it argues that when there is good cause for postponement and the judge granting it is at least one of the designees of the administrative judge for that purpose, dismissal is not an appropriate sanction even though the designation violates Rule 16–101.d.3 (ii). We reject this argument. First, it is inconsistent with, if it does not ignore, this Court's prior "caution" with respect to the effect of designating more than one judge on a multi-judge court at a time to postpone circuit court cases. Moreover, to adopt the State's position and, in effect overlook violation of Rule 16–101.d.3 (ii), is contrary to, and indeed undermines, the purpose for the Rule, which, as we have seen, is to assure that trials are not unnecessarily postponed by entrusting the decision to postpone to the judge who "is ordinarily in a much better position than another judge of the trial court, or an appellate court, to make the judgment as to whether good cause for the postponement of a criminal case exists." *Frazier,* 298 Md. at 454, 470 A.2d at 1285. Finally, our prior admonition in *Farinholt* suggests that compliance with Rule 16–101.d.3 (ii) is mandatory and, therefore, that the appropriate sanction for its violation is dismissal of the charges.

We agree with the petitioners that "to permit 'good cause' to be found by any circuit court judge in violation of [Rule] 16–101[.d.3], would effectively nullify Rule 4–271 and § 591 and their requirements which 'transfer the authority to postpone a criminal trial from *any* trial judge to the administrative judge or his designee.... If all of the judges are appointed administrative judge's designees, then, contrary to *Frazier* that aspect of the statute and the Rule would be abolished." Accordingly, we hold that the proper sanction when the viola-

tion of § 591 and Rule 4–271 is caused by violation of Rule 16–101.d.3 (ii) is dismissal of the charges.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR CHARLES COUNTY WITH INSTRUCTIONS TO DISMISS THE CHARGES AGAINST THE PETITIONERS. COSTS TO BE PAID BY CHARLES COUNTY.

WILNER, Judge, dissenting.

With respect, I dissent from the judgment directing that the charges against petitioners be dismissed. I do not agree that there has been any violation of either Maryland Rule 4–271 or Article 27, § 591. The order that caused trial to be postponed beyond 180 days was, in fact, entered by a designee of the administrative judge for good cause. Rule 4–271 and Article 27, § 591 have been fully complied with; nothing in either provision precludes an administrative judge from designating another judge to handle postponement requests, including requests that might cause trial to commence beyond the 180 days allowed.

We decided, purely as an administrative matter, to preclude circuit court administrative judges from designating more than one other judge at a time to handle the postponement of criminal cases, except those cases reaching the circuit court from the district court, either by appeal or demand for jury trial, and we expressed that policy in Rule 16–101.d.3(ii). That rule is an administrative rule, in Title 16, dealing with courts, judges, and attorneys. It is not a rule in Title 4, dealing with practice and procedure in criminal cases, and the remedy for its violation should not be dismissal of criminal charges. The purely administrative nature of the rule, even apart from its placement in the Maryland Rules, is shown quite clearly by the fact that more than one designee at a time *is* allowed with respect to cases coming from the district court. Had this been a theft case, either on appeal or for which a demand for jury trial had been made, the order entered by

*Judge Henderson would have been perfectly all right. What harm or prejudice has occurred to anyone—to petitioners, to the State, to the court, or to society at large—sufficient to justify a sanction of dismissing charges? This is a serious case. Lyles was charged, among other things, with possession of cocaine with intent to distribute, possession of a firearm in drug trafficking, and conspiracy. It could, of course, have been worse. Had petitioners been charged with murder or rape, the charges, under this ruling, also would have to be dismissed.*

*Given the fact that the offending administrative order has been abrogated, and the problem thus cured, I do not see the need for any remedy at all in this case, but, at most, a frank discussion between the Chief Judge of this Court and the administrative judge of the Circuit Court for Charles County concerning the need to be aware of and follow the rules in Title 16 of the Maryland Rules would suffice. It serves no useful purpose whatever to dismiss criminal charges because of this kind of violation.*

*Judges Rodowsky and Harrell have authorized me to state that they join in this dissenting opinion.*